**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

FAIR HOUSING CENTER OF )
CENTRAL INDIANA, INC., and )
DONATA BANKS, )
    Plaintiffs, )
     )
v. )   Case No. 1:20-cv-1176-TWP-DLP
     )
VICKI NEW, KIRKPATRICK )
MANAGEMENT COMPANY, INC., and )
TWIN CREEKS HOMEOWNERS )
ASSOCIATIONS, INC., )
    Defendants. )

**DEFENDANTS KIRKPATRICK MANAGEMENT COMPANY, INC.,
AND TWINCREEKS HOMEOWNERS ASSOCIATIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
COMPLAINT AND JURY DEMAND**

Defendants, Kirkpatrick Management Company, Inc., and Twin Creeks Homeowners Association, Inc. ("Twin Creeks HOA") (collectively referred to herein as "Kirkpatrick"), by counsel, for their Answer to Plaintiffs' Complaint ("Complaint") state as follows:

## I.    INTRODUCTION

1.    Kirkpatrick is without sufficient information to admit or deny the allegations stated in paragraph 1 of Plaintiffs' Complaint and therefore denies paragraph 1.

## II. JURISDICTION AND VENUE

2.    Kirkpatrick admits the allegations stated in paragraph 2 of Plaintiffs' Complaint.

1

3.    Kirkpatrick admits the allegations stated in paragraph 2 of Plaintiffs' Complaint.

### III. PARTIES

4.    Kirkpatrick denies the allegations stated in paragraph 4 of Plaintiffs' Complaint.

5.    Kirkpatrick is without sufficient information to admit or deny the allegations stated in paragraph 5 of Plaintiffs' Complaint and therefore denies paragraph 5.

6.    Kirkpatrick admits Vicki New and her husband lived at 6315 Twin Creeks Drive which is a home located in the Twin Creeks subdivision but is without sufficient information to admit or deny the other allegations stated in paragraph 6 of Plaintiffs' Complaint and therefore denies paragraph 6.

7.    Kirkpatrick admits only that Twin Creeks HOA is a nonprofit homeowners' association with its principal address in Indianapolis and that all owners of homes in Brookstone and Fieldstone are members of the Twin Creeks HOA and are subject to the Declaration of Covenants, Conditions and Restrictions for Twin Creeks, a copy of which is attached as Exhibit "A". Kirkpatrick denies all other allegations stated in paragraph 7.

8.    Kirkpatrick admits only that Kirkpatrick Management Company, Inc. is a for-profit property management firm with its principal address in Indianapolis, and that since 2009, it has performed the limited, specific management duties set

forth in its Management Contract with Twin Creeks HOA. Kirkpatrick denies the remaining allegations stated in paragraph 8.

9.     Kirkpatrick denies the allegations stated in paragraph 9.

### IV. FACTS

#### A.     Introduction

10.     Kirkpatrick admits the allegations stated in paragraph 10 of Plaintiffs' Complaint.

11.     Kirkpatrick denies the allegations stated in paragraph 11 of Plaintiffs' Complaint.

12.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 12 of Plaintiffs' Complaint and therefore denies paragraph 12.

13.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 13 of Plaintiffs' Complaint and therefore denies paragraph 13.

14.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 14 of Plaintiffs' Complaint and therefore denies paragraph 14.

15.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 15 of Plaintiffs' Complaint and therefore denies paragraph 15.

16.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 16 of Plaintiffs' Complaint and therefore denies paragraph 16.

17.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 17 of Plaintiffs' Complaint and therefore denies paragraph 17.

18.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 18 of Plaintiffs' Complaint and therefore denies paragraph 18.

19.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 19 of Plaintiffs' Complaint and therefore denies paragraph 19.

20.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 20 of Plaintiffs' Complaint and therefore denies paragraph 20.

21.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 21 of Plaintiffs' Complaint and therefore denies paragraph 21.

22.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 22 of Plaintiffs' Complaint and therefore denies paragraph 22.

23. Kirkpatrick admits a local news station published a story about New, but Kirkpatrick denies the remaining allegations stated in paragraph 23 of Plaintiffs' Complaint.

24. Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 24 of Plaintiffs' Complaint and therefore denies paragraph 24.

25. Kirkpatrick admits that Twin Creeks' attorney Greg Chandler sent a series of letters to Vicki New; states such letters speak for themselves (Attached hereto as Exhibit "B" and Exhibit "C"); and denies any remaining allegations against Kirkpatrick in paragraph 25.

26. Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 26 of Plaintiffs' Complaint and therefore denies paragraph 26.

27. Kirkpatrick denies the allegations stated in paragraph 27.

28. Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 28 of Plaintiffs' Complaint and therefore denies paragraph 28.

29. Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick does not have sufficient information to

admit or deny the allegations stated in paragraph 29 of Plaintiffs' Complaint and therefore denies paragraph 29.

30. Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick admits and affirms that Vicki News was not, and never has been, a representative or agent of Twin Creeks or Kirkpatrick but does not have sufficient information to admit or deny the remaining allegations stated in paragraph 30 and therefore denies the same.

31. Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 31 of Plaintiffs' Complaint and therefore denies paragraph 31.

32. Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 32 of Plaintiffs' Complaint and therefore denies paragraph 32.

33. Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick does not have sufficient information to

admit or deny the allegations stated in paragraph 33 of Plaintiffs' Complaint and therefore denies paragraph 33.

34.     Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 34 of Plaintiffs' Complaint and therefore denies paragraph 34.

35.     Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 35 of Plaintiffs' Complaint and therefore denies paragraph 35.

36.     Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 36 of Plaintiffs' Complaint and therefore denies paragraph 36.

37.     Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 37 of Plaintiffs' Complaint and therefore denies paragraph 37.

38.     Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 38 of Plaintiffs' Complaint and therefore denies paragraph 38.

39.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 39 of Plaintiffs' Complaint and therefore denies paragraph 39.

40.     Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 40 of Plaintiffs' Complaint and therefore denies paragraph 40.

41.     Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 41 of Plaintiffs' Complaint and therefore denies paragraph 41.

42.     Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to

8

admit or deny the allegations stated in paragraph 42 of Plaintiffs' Complaint and therefore denies paragraph 42.

43.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 43 of Plaintiffs' Complaint and therefore denies paragraph 43.

44.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 44 of Plaintiffs' Complaint and therefore denies paragraph 44.

45.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 45 of Plaintiffs' Complaint and therefore denies paragraph 45.

46.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 46 of Plaintiffs' Complaint and therefore denies paragraph 46.

47.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 47 of Plaintiffs' Complaint and therefore denies paragraph 47.

48.    Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 48 of Plaintiffs' Complaint and therefore denies paragraph 48.

49.    Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 49 of Plaintiffs' Complaint and therefore denies paragraph 49.

50.    Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 50 of Plaintiffs' Complaint and therefore denies paragraph 50.

51.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 51 of Plaintiffs' Complaint and therefore denies paragraph 51.

52.    Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 51 of Plaintiffs' Complaint and therefore denies paragraph 52.

53.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 53 of Plaintiffs' Complaint and therefore denies paragraph 53.

54.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 54 of Plaintiffs' Complaint and therefore denies paragraph 54.

55.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 55 of Plaintiffs' Complaint and therefore denies paragraph 55.

56.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 56 of Plaintiffs' Complaint and therefore denies paragraph 56.

57.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of

11

Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 57 of Plaintiffs' Complaint and therefore denies paragraph 57.

58.    Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 58 of Plaintiffs' Complaint and therefore denies paragraph 58.

59.    Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 59 of Plaintiffs' Complaint and therefore denies paragraph 59.

60.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 60 of Plaintiffs' Complaint and therefore denies paragraph 60.

61.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 61 of Plaintiffs' Complaint and therefore denies paragraph 61.

62.    Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 62 of Plaintiffs' Complaint and therefore denies paragraph 62.

63.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 64 of Plaintiffs' Complaint and therefore denies paragraph 63.

64.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 64 of Plaintiffs' Complaint and therefore denies paragraph 64.

65.     Kirkpatrick denies the allegations stated in paragraph 65 of Plaintiffs' Complaint.

66.     Kirkpatrick denies the allegations stated in paragraph 66 of Plaintiffs' Complaint.

67.     Kirkpatrick admits that Twin Creeks' attorney Greg Chandler sent a series of letters to Vicki New; states such letters speak for themselves (Attached hereto as Exhibit "A" and Exhibit "B"); and denies any remaining allegations against Kirkpatrick in paragraph 67.

68.     Kirkpatrick admits that Twin Creeks' attorney Greg Chandler sent a series of letters to Vicki New; states such letters speak for themselves (Attached hereto as Exhibit "A" and Exhibit "B"); and denies any remaining allegations against Kirkpatrick in paragraph 68.

69.     Kirkpatrick admits that Twin Creeks' attorney Greg Chandler sent a series of letters to Vicki New; states such letters speak for themselves (Attached hereto as Exhibit "A" and Exhibit "B"); and denies any remaining allegations against Kirkpatrick in paragraph 69.

13

70.     Kirkpatrick admits that Twin Creeks has covenants, which speak for themselves, but denies the remaining allegations stated in paragraph 70 of Plaintiffs' Complaint.

71.     Kirkpatrick admits that Twin Creeks has covenants, which speak for themselves; that Twin Creeks has pursued residents for failure to pay homeowners' association dues; and denies the remaining allegations stated in paragraph 71 of Plaintiffs' Complaint.

72.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 72 of Plaintiffs' Complaint and therefore denies paragraph 72.

73.     Kirkpatrick denies the allegations stated in paragraph 73 of Plaintiffs' Complaint.

74.     Kirkpatrick denies the allegations stated in paragraph 74 of Plaintiffs' Complaint.

75.     Kirkpatrick denies the allegations stated in paragraph 75 of Plaintiffs' Complaint.

76.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 76 of Plaintiffs' Complaint and therefore denies paragraph 76.

77.     Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 77 of Plaintiffs' Complaint and therefore denies paragraph 77.

78.    Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 78 of Plaintiffs' Complaint and therefore denies paragraph 78.

79.    Kirkpatrick does not have sufficient information to admit or deny the allegations stated in paragraph 79 of Plaintiffs' Complaint and therefore denies paragraph 79.

80.    Kirkpatrick admits the allegations stated in paragraph 80 of Plaintiffs' Complaint.

81.    Plaintiffs' allegations in this paragraph relate to the findings of the ICRC, which speak for themselves.  To the extent this paragraph can be construed to state allegations against Kirkpatrick, Kirkpatrick denies paragraph 81 of Plaintiffs' Complaint.

82.    Plaintiffs' allegations in this paragraph relate to the filings made within the ICRC and the results of those filings, which speak for themselves.  To the extent this paragraph can be construed to state allegations against Kirkpatrick, Kirkpatrick denies paragraph 82 of Plaintiffs' Complaint.

83.    Plaintiffs' allegations in this paragraph relate to the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks.  To the extent this paragraph can be construed to state allegations against Kirkpatrick, Kirkpatrick denies paragraph 83 of Plaintiffs' Complaint.

84. Kirkpatrick denies the allegations stated in paragraph 84 of Plaintiffs' Complaint.

85. Kirkpatrick denies the allegations stated in paragraph 85 of Plaintiffs' Complaint and demands strict proof of the same.

86. Kirkpatrick denies the allegations stated in paragraph 86 of Plaintiffs' Complaint and demands strict proof of the same.

87. Defendant Vicki New is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. Additionally, Kirkpatrick denies the allegations stated in paragraph 87 of Plaintiffs' Complaint and demands strict proof of the same.

88. Kirkpatrick denies the allegations stated in paragraph 88 of Plaintiffs' Complaint.

89. Kirkpatrick denies the allegations stated in paragraph 89 of Plaintiffs' Complaint.

## VI. CLAIMS

## FIRST CLAIM

### Fair Housing Act
### (42 U.S.C. §§ 3601 et seq.)

90. Kirkpatrick incorporates by reference its answers to Paragraphs 1 through 89 of Plaintiffs' Complaint as if fully set forth herein.

91. Kirkpatrick denies the allegations stated in Paragraph 91 (and all of its subparts) of Plaintiffs' Complaint.

92.    Kirkpatrick denies the allegations stated in Paragraph 92 of Plaintiffs'

Complaint.

## SECOND CLAIM

### Civil Rights Act of 1866
### (Plaintiff Donata Banks only vs. Defendants)

93.    Kirkpatrick incorporates by reference its answers to Paragraphs 1

through 92 of Plaintiffs' Complaint as if fully set forth herein.

94.    Kirkpatrick denies the allegations stated in Paragraph 94 of Plaintiffs'

Complaint.

## THIRD CLAIM

### Civil Rights Act of 1866
### (42 U.S.C. § 1982)
### (Plaintiff Donata Banks only vs. Defendants)

95.    Kirkpatrick incorporates by reference its answers to Paragraphs 1

through 94 of Plaintiffs' Complaint as if fully set forth herein.

96.    Kirkpatrick denies the allegations stated in Paragraph 96 of Plaintiffs'

Complaint.

## FOURTH CLAIM

### Indiana Fair Housing Act
### (Indiana Code § 22-9.5)

97.    Kirkpatrick incorporates by reference its answers to Paragraphs 1

through 96 of Plaintiffs' Complaint as if fully set forth herein.

98.    Kirkpatrick denies the allegations stated in Paragraph 98 of

Plaintiffs' Complaint.

## FIFTH CLAIM

### Intentional Infliction of Emotional Distress
### (Indiana Code § 35-45-10-1)
### (Plaintiff Donata Banks only vs. Defendant Vicki New only)

99.     Kirkpatrick incorporates by reference its answers to Paragraphs 1 through 98 of Plaintiffs' Complaint as if fully set forth herein.

100.     Plaintiffs' allegations in this paragraph relate to cause of action against Defendant New alone and the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. As such, Plaintiffs' paragraph 100 does not call for a response from Kirkpatrick. To the extent the allegations contained within paragraph 100 can be construed as against Kirkpatrick, Kirkpatrick denies the allegations stated in paragraph 100.

101.     Plaintiffs' allegations in this paragraph relate to cause of action against Defendant New alone and the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. As such, Plaintiffs' paragraph 101 does not call for a response from Kirkpatrick. To the extent the allegations contained within paragraph 101 can be construed as against Kirkpatrick, Kirkpatrick denies the allegations stated in paragraph 101.

102.     Plaintiffs' allegations in this paragraph relate to cause of action against Defendant New alone and the actions of Defendant Vicki New, who is not and never has been an agent or representative of Kirkpatrick or Twin Creeks. As such, Plaintiffs' paragraph 102 does not call for a response from Kirkpatrick. To the

18

extent the allegations contained within paragraph 102 can be construed as against

Kirkpatrick, Kirkpatrick denies the allegations stated in paragraph 102.

### SIXTH CLAIM

### Negligence – Failure to Train or Supervise
### (Indiana Code § 35-51)
### (Plaintiff Donata Banks only vs. Defendants Twin Creeks and
### Kirkpatrick only)

103.    Kirkpatrick incorporates by reference its answers to Paragraphs 1

through 102 of Plaintiffs' Complaint as if fully set forth herein.

104.    Kirkpatrick denies the allegations stated in Paragraph 104 of

Plaintiffs' Complaint.

105.    Kirkpatrick denies the allegations stated in Paragraph 105 of

Plaintiffs' Complaint.

106.    Kirkpatrick denies the allegations stated in Paragraph 106 of

Plaintiffs' Complaint.

In response to Plaintiffs' section titled **VII. Relief**, Kirkpatrick responds that

Plaintiffs are not entitled to any of their requested relief; that judgment in favor of

Defendants, Kirkpatrick Management Company, Inc., and Twin Creeks

Homeowners Association, Inc. is proper; and for all other relief as is just and proper.

### DEFENSES AND AFFIRMATIVE DEFENSES

Subject to a reasonable opportunity for further investigation and discovery on

Plaintiffs' claims, Defendants allege the following additional defenses:

1.    Defendants deny each and every allegation not unequivocally and

19

specifically admitted in Defendants' Answer.

2.    Plaintiffs lack standing.

3.    The Complaint fails to state a claim upon which relief can be granted.

4.    Plaintiffs' complained of acts (and alleged damages) all stem from the actions of persons other than Defendants Kirkpatrick and Twin Creeks. Defendant Vicki New and her husband, James, are not and never have been authorized agents, employees, or representatives of the Defendants.

5.    Any improper, illegal, or discriminatory actions by New were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved of by Defendants and thus cannot be attributable to Defendants.

6.    Defendants have no contractual or other relationship to Plaintiffs.

7.    Defendants have not infringed upon any property right of Plaintiffs.

8.    Defendants have not discriminated with any action or inaction.

9.    Defendants did not have any actual or constructive knowledge of the myriad discriminatory and retaliatory acts alleged in Plaintiffs' Complaint in order to intervene.

10.    Plaintiffs failed to exhaust her administrative remedies applicable to their claims.

11.    Plaintiffs have not suffered any damages attributable to Defendants as the result of the allegations in the Complaint.

12.    Without conceding that Plaintiffs have suffered damages, Plaintiffs cannot establish that Defendants' actions or inactions were the "but for" cause of

any damages allegedly suffered by Plaintiffs.

13.    If Plaintiffs had suffered any damages, Plaintiffs failed to properly mitigate such damages.

14.    Defendants owed no duty to Plaintiffs.

15.    Plaintiffs failed to allege essential elements of their claims.

16.    Defendants owed no duty to train or supervise employees under the FHA or the IFHA.

17.    Defendants have not committed any discriminatory housing practice under either the FHA or the IFHA.

18.    Defendants have not engaged in any disparate treatment in violation of the FHA or the IFHA.

19.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

20.    Plaintiffs' claims are barred, in whole or in part, by applicable statute of limitations.

21.    Plaintiffs failed to take advantage of the preventative and corrective opportunities provided by Defendants or to otherwise protect themselves from the alleged harm.

22.    Defendants engaged in good faith efforts to comply with the law. Therefore, Plaintiffs fail to state a claim for punitive damages.

23.    To the extent Plaintiff Fair Housing Center has suffered damages as a result of its investigation efforts, such efforts were necessitated by Defendant News'

actions only and are therefore not damages attributable to Defendants Kirkpatrick or Twin Creeks.

24.    Defendants are not liable for punitive damages because neither Defendants nor any of their authorized agents or employees committed any act with malice or reckless indifference to Plaintiffs' statutory rights or approved, authorized, or ratified any such acts.

25.    Discovery has not yet begun.  Defendants reserve the right to assert additional affirmative defenses and any other defenses which may become apparently during the course of this litigation.

WHEREFORE, Defendants, Kirkpatrick Management Company, Inc., and Twin Creeks Homeowners Association, Inc. deny that Plaintiffs are entitled to any relief under her Complaint or as a result of the allegations contained therein. Defendants respectfully request that Plaintiffs take nothing from these Defendants by way of her Complaint; that the Court enter judgment in the Defendants' favor, and that Defendant receive all appropriate relief to which they may be entitled, including reasonable attorney's fees.

Respectfully submitted,

/s/ *Crystal S. Wildeman*
Crystal S. Wildeman, IN 26603-82

22

WOODEN MCLAUGHLIN LLP
25 NW Riverside Dr., Suite 310
Evansville, IN  47708
Tel: (812) 401-6151
Fax: (812) 401-6444
Crystal.Wildeman@WoodenLawyers.com

## JURY TRIAL DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b) and 39, Defendants, Kirkpatrick Management Company, Inc., and Twin Creeks Homeowners Associations, Inc., respectfully request a trial by jury on Plaintiffs' Complaint on all issues so triable.

Respectfully submitted,

/s/ *Crystal S. Wildeman*
Crystal S. Wildeman, IN 26603-82

WOODEN MCLAUGHLIN LLP
25 NW Riverside Dr., Suite 310
Evansville, IN  47708
Tel: (812) 401-6151
Fax: (812) 401-6444
Crystal.Wildeman@WoodenLawyers.com

23

## CERTIFICATION OF TRIAL RULE 5(G) COMPLIANCE & VERIFICATION/CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2020 a copy of the foregoing *Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint and Jury Demand* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jeffrey A. Macey
MACEY SWANSON LLP
445 N. Pennsylvania, Suite 401
Indianapolis, IN 46204

Lisa Cristol-Deman
BRANCART & BRANCART
P.O. Box 686
Pescadero, CA 94060

Attorneys for Plaintiffs

and via First Class, U.S. Mail to the following:

Vicki New
3372 Roundlake Lane
Whitestown, IN 46075

Pro Se

/s/ *Crystal S. Wildeman*
Crystal S. Wildeman, IN 26603-82

24