IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FAIR HOUSING CENTER OF          )
CENTRAL INDIANA, INC., and      )
DONATA BANKS,                   )
    Plaintiffs,              )
                                )
v.                              )   Case No. 1:20-cv-1176-TWP-DLP
                                )
VICKI NEW, KIRKPATRICK          )
MANAGEMENT COMPANY, INC., and   )
TWIN CREEKS HOMEOWNERS          )
ASSOCIATION, INC.,              )
    Defendants.              )

**BRIEF IN SUPPORT OF DEFENDANTS KIRKPATRICK MANAGEMENT
COMPANY, INC. AND TWIN CREEKS HOMEOWNERS ASSOCIATION, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Local Rule 7-1(b),

Defendants Kirkpatrick Management Company, Inc. ("Kirkpatrick") and Twin Creeks

Homeowners Association, Inc. ("Twin Creeks HOA") (collectively, the "Twin Creeks

Defendants") respectfully submit this Brief in Support of their Motion for Judgment on the

Pleadings.

Plaintiffs Fair Housing Center of Central Indiana, Inc. ("FHCCI") and Donata Banks

("Banks") have sued the Twin Creeks Defendants for damages arising out of alleged

discriminatory actions by the Twin Creeks Defendants in violation of the Fair Housing Act.

Because Banks has no standing to bring this action against the Twin Creeks Defendants, and

because Banks and the FHCCI have failed to state a claim against the Twin Creeks Defendants

upon which relief can be granted, the Twin Creeks Defendants are entitled to judgment on the

pleadings.

## I.   LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). To survive a 12(c) motion, "a complaint must state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations are accepted as true at the pleading stage, but allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Id.* (citing *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir.2012)) (internal quotes omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## II.   FACTS ALLEGED IN THE COMPLAINT

While the Twin Creeks Defendants have denied many of the facts alleged in the Complaint, for purposes of this Motion, the Court must accept as true the well-pleaded material facts alleged in the pleadings. Based on that standard, and for the purposes of this Motion only, the following are the relevant facts.

Plaintiff Fair Housing Center of Central Indiana, Inc. (the "Fair Housing Center") is a private, nonprofit Indiana corporation. (Complaint, ¶ 4). Twin Creeks is a residential subdivision of approximately 226 single family homes located in northwest Indianapolis. (Complaint ¶ 10). Since July 2016, Plaintiff Donata Banks and her family have rented a single-

family home located at 6314 Twin Creeks Drive, within the Twin Creeks subdivision (Complaint, ¶ 5). Defendant Twin Creeks HOA is the homeowners association for the Twin Creeks community. (Complaint, ¶ 7). Defendant Kirkpatrick is a management firm that has performed management services for the Twin Creeks HOA since July 2009. (Complaint, ¶ 8). From approximately March 2016 to December 2018, Defendant Vicki New ("New") and her husband owned and resided in a home located at 6315 Twin Creeks Drive, within the Twin Creeks subdivision. (Complaint, ¶ 6).

In July 2016, Banks and her family moved into a single-family rental home directly across the street from the home owned and occupied by New and her husband. (Complaint, ¶ 12). Soon thereafter, the Banks family began experiencing harassment from New based on their race or national origin. (Complaint, ¶¶ 13-14, 16-17, 19). In addition, Banks and her husband witnessed or heard of New's verbal harassment of various non-Caucasian residents of Twin Creeks based on their race or national origin. (Complaint, ¶¶ 14, 15, 18, 20).

On or about August of 2018, Banks and several other residents met with the Twin Creeks HOA and Kirkpatrick to report New's harassment and threats of violence. (Complaint, ¶ 21). Approximately two weeks later, the Twin Creeks HOA's board of directors again met with a group of residents. (Complaint, ¶ 22). On August 28, 2018, local news stations published stories regarding New's harassment of her neighbors. (Complaint, ¶ 23). On August 29, 2018, New was arrested and charged with criminal trespass, battery resulting in bodily injury, and criminal mischief. (Complaint, ¶ 24). New was released on September 1, 2018 after posting cash bond. (Complaint, ¶ 24). On September 4, 2018, within a month of the residents' first meeting with Twin Creeks Defendants regarding New's behavior, and within a week of New's arrest, the Twin Creeks HOA issued a cease and desist letter to New, stating that her actions violated the HOA's

3

binding covenants. (Complaint, ¶ 25).  The Complaint does not contain any allegations that New's harassment continued after the issuance of the cease and desist letter by the Twin Creeks HOA.

The Complaint also alleges various other disturbing instances of harassment directed by New toward other residents—identified only by their initials—as well as their visitors and contractors.  (Complaint, ¶¶ 28-64).

### III.   ARGUMENT

**A.   Banks lacks legal standing to bring claims against the Twin Creek Defendants for failure to take action to correct and end New's harassment.**

"The doctrine of standing focuses on whether the complaining party is the proper person to invoke the Court's power." *Kosciusko Cty. Cmty. Fair, Inc. v. Clemens*, 116 N.E.3d 1131, 1135 (Ind. Ct. App. 2018).  "The standing requirement restrains the judiciary to resolving only those cases and controversies in which the complaining party has a demonstrable injury. *Id.* (citing *Hulse v. Ind. State Fair Bd.*, 94 N.E.3d 726, 730 (Ind. Ct. App. 2018)).  Whether a party has standing to bring a complaint is a pure question of law. *Id.*

The Complaint clearly establishes that Banks was a renter of her residence in Twin Creeks, not an owner.  (Complaint, ¶¶ 5, 12).  Banks has failed to allege any contractual relationship between her and the Twin Creeks Defendants that would establish privity of contract and make her a party to the binding covenants for Twin Creeks.  Without the existence of such a contractual relationship with the Twin Creeks Defendants, the Twin Creek Defendants owe no contractual duty to Banks, and Banks lacks standing to bring claims against them for any alleged failure to take affirmative steps to enforce the Twin Creeks covenants.

"Restrictive covenants are a form of express contract between grantor and grantee." *Id.* (citing *Rasp v. Hidden Valley Lake, Inc.*, 519 N.E.2d 153, 157 (Ind. Ct. App. 1988)).  "These

covenants obligate a party to do or not to do a particular act. *Id.* (citing *Keene v. Elkhart Cty. Park & Rec. Bd.*, 740 N.E.2d 893, 896 (Ind. Ct. App. 2000)) (internal quotes omitted). "Covenants, when written, are generally construed in the same manner as other written contracts, and we apply them according to their ordinary meaning when possible." *Id.* (citing *Land Innovators Co., L.P. v. Bogan*, 15 N.E.3d 23, 31 (Ind. Ct. App. 2014), trans. denied).

The restrictive covenants for the Twin Creeks subdivision, which the Twin Creek Defendants attached as Exhibit A to their Answer filed June 18, 2020, contain the following relevant language:

ARTICLE III. MEMBERSHIP AND VOTING RIGHTS IN ASSOCIATION

Section 1. Membership. Every Owner of a Lot, except as herein provided to the contrary, shall be entitled and required to be a member of the Association. If title to a Lot is held by more than one person, each of such persons shall be a member.

\*     \*     \*

Section 2. Transfer. A membership in the Association shall not be transferred, pledged or alienated in any way, except upon the transfer of the record title of a Lot and then only to such transferee, by assignment, intestate succession, testamentary disposition, foreclosure of mortgage of record or other legal process.

\*     \*     \*

ARTICLE IV. PROPERTY RIGHTS

Section 1. General Provisions.
B. The covenants and restrictions contained in this Declaration shall run with and bind the land and shall inure to the benefit and be enforceable by the Declarant, the Association, or the Owner of any Lot subject to this Declaration, their respective personal representatives, heirs, successors and assigns . . . .

\*     \*     \*

ARTICLE XIII. GENERAL PROVISIONS.

Section 1. Enforcement. Enforcement of these covenants and restrictions and of the provisions contained in the Articles of Incorporation and By-Laws of the Association may be by any proceeding at law or inequity [sic] instituted by the Association or by any Owner against any person including the Association violating or attempting to violate any covenant or restrictions . . . .

(Kirkpatrick Answer, Exhibit A, "Declaration of Covenants, Conditions and Restrictions for Twin Creeks").

It is clear from the contractual language that Banks is not a party to the Twin Creeks restrictive covenants because she has never been an owner of her Twin Creeks residence (Complaint, ¶¶ 5, 12). Because Banks has never owned a residence within Twin Creeks, Banks is not, and has never been, a member of the Twin Creeks Homeowners Association. The covenants and restrictions only benefit, and are only enforceable by, the covenants' Declarant, the Homeowners Association, or the Owner of any Lot within Twin Creeks. Banks does not fall into any of those categories. For that reason, according to the clear language of the covenants, which must be interpreted as a contract, Banks has no standing to enforce the covenants. *See Kosciusko Cty.*, 116 N.E.3d at 1135.

## B. The Twin Creeks Defendants are not liable for the actions of Defendant Vicki New.

"The Fair Housing Act forbids racial discrimination in respect to the sale or rental of a dwelling." *Meyer v. Holley*, 537 U.S. 280 (2003). It is well established that courts treat violations of the Fair Housing Act as torts and apply ordinary vicarious liability rules in interpreting the statute. *Id.* Under traditional vicarious liability rules, principals and employers may be held vicariously liable "for the acts of their agents or employees in the scope of their authority or employment." *Id.* However, nothing in the Fair Housing Act or its legislative history demonstrates that Congress intended to extend the boundaries of vicarious liability under the Act, and "such silence, while permitting an inference that Congress intended to apply ordinary background tort principles, cannot show that it intended to apply an unusual modification of those rules." *Id.* at 281.

6

Defendant Vicki New perpetrated all of the discriminatory acts alleged in the Complaint. There are no facts alleged in the Complaint that would support even the slightest inference that New was ever an employee or agent of Kirkpatrick or the Twin Creeks HOA. Accordingly, under traditional tort rules governing vicarious liability, the Twin Creeks Defendants cannot be held vicariously liable for New's actions.

In an effort to alleviate the glaring lack of factual basis for holding the Twin Creeks Defendants liable for News' despicable harassment of her neighbors, the Plaintiffs included in their Complaint a conclusory allegation that, "In committing each of the discriminatory or unlawful acts alleged in this complaint, each defendant acted as the agent or co-conspirator of each other defendant." (Complaint, ¶ 9). However, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Adams*, 742 F.3d at 728. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

The Complaint, which offers only the conclusory statement that "each of the defendants acted as the agent or co-conspirator of each other defendant," is insufficient to state a cause of action for the Twin Creeks Defendants' vicarious liability for the discriminatory acts of New. The statement is a legal conclusion, and is insufficient to survive this motion for judgment on the pleadings.

C.      **The Twin Creeks Defendants are not liable under the Fair Housing Act.[1]**

1.      **The Fair Housing Act does not apply to a single-family home sold or rented by the owner.**

Each allegation in the Complaint involves alleged discriminatory actions directed toward the occupants of single-family homes that were either rented or purchased by the occupants. The Fair Housing Act states the following express exemption from its coverage:

> Nothing in section 3604 of this title (other than subsection (c)) shall apply to--
> (1) any single-family house sold or rented by an owner.

42 U.S.C.A. § 3603(b)(1). The Plaintiffs failed to plead facts that would demonstrate that the residence occupied by Banks—or any residence occupied by any of the other unidentified residents of Twin Creeks whose allegations are described in Paragraphs 28 through 64 of the Complaint—is an exception to this broad exemption from the Act's coverage. The Complaint is devoid of any facts demonstrating that Banks rented her residence from anyone other than its owner. In addition, Paragraphs 28 through 64 of the Complaint, which contain factual allegations relating to residents of Twin Creeks identified only by their initials, are also missing any facts that would demonstrate that the homes occupied by those residents fall outside of the scope of the exemption stated in 42 U.S.C.A. § 3603(b)(1).

In the absence of facts demonstrating that Banks rented her home from someone other than the owner, the Plaintiffs have failed to bring Banks's home within the coverage of the Fair Housing Act. Plaintiffs have also failed to state facts demonstrating that any of the homes referenced in the Paragraphs 28 through 64 of the Complaint, whose occupants are unnamed, are subject to the protections of the Fair Housing Act. For these reasons, the Plaintiffs have failed to

---

[1] For purposes of this Motion, all arguments relating to Plaintiffs' claims brought under the Federal Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, shall apply equally to claims brought under the Indiana Fair Housing Act, IC 22-9.5-1-1, *et seq.*

8

state a claim against the Twin Creek Defendants, pursuant to the Fair Housing Act, upon which relief can be granted.

### 2.    The Twin Creeks Defendants are not housing providers.

Plaintiffs have failed to plead sufficient facts to establish that the Twin Creeks Defendants are housing providers subject to the provisions of 42 U.S.C. § 3604. The following statement appears on the website of the United States Department of Justice:

> The Fair Housing Act, 42 U.S.C. 3601 et seq., prohibits discrimination by *direct providers of housing*, such as landlords and real estate companies as well as other entities, such as municipalities, banks or other lending institutions and homeowners insurance companies whose discriminatory practices make housing unavailable to persons because of:
> - race or color
> - religion
> - sex
> - national origin
> - familial status, or
> - disability.

*See* https://www.justice.gov/crt/fair-housing-act-1, updated Dec. 21, 2017 (emphasis added). The Twin Creeks Defendants do not fit into any of these categories of "direct providers of housing."

Defendant Twin Creeks HOA is the homeowners association for the Twin Creeks community. (Complaint, ¶ 7). Defendant Kirkpatrick is a management firm that has performed management services for the Twin Creeks HOA since July 2009. (Complaint, ¶ 8). There are no factual allegations demonstrating that the Twin Creeks Defendants are directly involved in providing housing to Banks or any of the other residents of Twin Creeks. The Complaint contains no allegations that either Kirkpatrick or the Twin Creeks HOA has any ownership interest in the home rented by Banks and her family in the Twin Creeks subdivision.

The Complaint contains no allegations that Kirkpatrick or the Twin Creeks HOA were parties to, or in any way involved in the offer, negotiation, or execution of the rental agreement

9

for the home that Banks and her family have occupied since July 2016. The Complaint is similarly devoid of any such allegations of involvement of the Twin Creeks Defendants in any contracts executed by the unnamed residents referenced in paragraphs 28 through 64 of the Complaint. In the absence of any factual allegations that the Twin Creeks Defendants are direct providers of housing, the plaintiffs have failed to demonstrate that the Twin Creeks Defendants are housing providers subject to 42 U.S.C. § 3604.

### 3. Banks was not refused the right to purchase, rent, or negotiate for housing.

It is evident from the pleadings that Banks was successful in renting a home in Twin Creeks, since she alleges that she and her family have continuously rented a home in the Twin Creeks subdivision from 2016 at least until the filing of the Complaint. The pleadings clearly demonstrate that there was no refusal to sell, rent, or negotiate for rental of the residence based on Banks's race, color, or national origin, as alleged by Plaintiffs. (Complaint, ¶ 91(a)).

### 4. Bank was not constructively evicted from her home.

In addition to failing to show that Banks was denied the opportunity to purchase, rent or negotiate for housing in the Twin Creeks subdivision, Plaintiffs have failed to demonstrate that Banks was otherwise denied housing on the basis of her race or national origin, or that her residence was rendered unavailable to her as a result of the alleged discriminatory acts. The Seventh Circuit directly addressed the issue of post-acquisition discrimination claims in *Bloch v. Frischholz*, 587 F.3d 771 (7th Cir. 2009). Based on the opinion in *Bloch*, Banks's Complaint is insufficient to state a viable claim pursuant to 42 U.S.C. 3604(a).

In *Bloch*, the plaintiffs alleged post-acquisition anti-Semitic discrimination against them by their condominium association. The Seventh Circuit, in a rehearing *en banc*, cited their earlier decision in *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n* for the

10

proposition that there is "little room" under the Fair Housing Act for claims of post-acquisition discrimination.

> Our opinion in *Halprin* left little room for a post-acquisition discrimination claim. *Halprin* also involved allegations of anti-Semitic harassment; members of the homeowners' association allegedly graffitied and vandalized the plaintiff's property and thwarted the plaintiff's attempts to investigate this conduct. This harassment did not give rise to an FHA claim, we concluded in *Halprin*, because the FHA by and large concerned only "*access* to housing."

*Bloch v. Frischholz*, 587 F.3d 771, 776 (7th Cir. 2009) (emphasis in original), citing *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n,* 388 F.3d 327, 329 (7th Cir. 2004). The *en banc* court noted that *Halprin* left open, "as a purely semantic matter" the possibility that "the statutory language might be stretched far enough to reach a case of constructive eviction." *Id.* quoting *Halprin*, 388 F.3d at 329 (internal quotes omitted).

The Seventh Circuit acknowledged that discrimination could rise to the level of denial of a person's right to live where he or she chooses if the discrimination *effectively results in the person's constructive eviction* from the dwelling. *Id.* "Availability, not simply habitability, is the right that § 3604(a) protects." *Id.* Although a tenant is not required to move out immediately when the discriminatory actions begin to make their residence uninhabitable, "[i]t is well-understood that constructive eviction requires surrender of possession by the tenant." *Id.* at 778. "If the tenant fails to vacate within a reasonable time, she waives her claim for constructive eviction." Because the Blochs never vacated their apartment, the court determined that the facts were insufficient to support their claim under 42 U.S.C. § 3604(a). Based on the facts presented, the *en banc* court found "no possibility that a reasonable jury could conclude" that the defendants' conduct rendered the Blochs' condominium unavailable to them, "which is what § 3604(a) requires." *Id.*

11

In this case, Banks complains that New began harassing her in August 2016 and that the harassment continued until New moved out of her Twin Creeks residence in December 2018. (Complaint, ¶¶ 12-26). In other words, Banks continued to reside in her home for 28 months after the alleged harassment began. The alleged discriminatory actions against Banks never rose to a level sufficient to cause Banks to vacate her residence. Bank was never denied the opportunity to rent her residence, she continued to have *access* to her residence, and the residence was never rendered *unavailable* to her. Therefore, Banks cannot prevail on her claims under 42 U.S.C. § 3604(a), 24 C.F.R. §§ 100.50(b)(3) and 100.70.

5.   **The Twin Creeks Defendants are not liable for tenant-on-tenant harassment.**

The Seventh Circuit has held that landlords may, in some limited circumstances, be held liable for tenant-on-tenant discriminatory harassment; however, the Twin Creeks Defendants are not landlords. For that reason, the Twin Creeks Defendants cannot be held liable for actions other than those by their board members, agents, or employees.

In *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856 (7th Cir. 2018), the plaintiff lived in a residential community for older adults, where she suffered severe physical and verbal abuse from other residents over a fifteen-month period because she was openly lesbian. Wetzel routinely reported the abuse to the staff, but instead of coming to her aid, the staff retaliated against Wetzel by limiting her access to use of the facilities and attempting to build a case for evicting her. *Id.* at 860.

The District Court granted Glen St. Andrew's motion to dismiss, holding that Wetzel's claim failed for lack of evidence of discriminatory animus on the part of the landlord. *Id.* at 859. The Seventh Circuit reversed and remanded for further proceedings, holding that the FHA creates liability against a *landlord* that has actual notice of tenant-on-tenant harassment based on

a protected status, yet chooses not to take any reasonable steps within its control to stop that harassment." *Id. at* 859 (emphasis added).

*Wetzel* is clearly distinguishable from this case. First, the Seventh Circuit limited its analysis to the question of whether and in what circumstances a *landlord* could be held liable for tenant-on-tenant harassment based on a protected class. In the instant case, the Twin Creeks Defendants do not have a landlord-tenant relationship with Banks, and Banks does not allege that she has any sort of contractual relationship with the Twin Creeks Defendants.

Second, the appellate court noted that the majority of the harassment of Wetzel took place in the common areas of the Glen St. Andrews facility. In the present case, the alleged harassment took place on private property within the Twin Creeks community. Finally, St. Andrews actively and intentionally retaliated against Wetzel after she reported the harassment by other tenants, and the retaliation interfered with Wetzel's contractual rights under her lease. In contrast, there are no stated facts to support the allegation that the Twin Creeks Defendants interfered with the contractual housing rights of Banks or any other renters or homeowners. All of these facts distinguish the instant case from *Wetzel*.

The United States District Court, District of Idaho recently addressed the issue of whether a homeowners association is liable for tenant-on-tenant harassment other than that committed by a board member, agent, or employee of the association. In *Morris v. W. Hayden Estates First Addition Homeowners Ass'n, Inc.*, the plaintiffs alleged that the defendant homeowners association violated the Fair Housing Act by, among other things, failing to intervene in tenant-on-tenant harassment based on religion. *Morris v. W. Hayden Estates First Addition Homeowners Ass'n, Inc.*, 382 F. Supp. 3d 1093 (D. Idaho 2019).

13

The *Morris* court acknowledged that HUD "has interpreted the Fair Housing Act as creating direct liability for "[f]ailing to take prompt action to correct and end a discriminatory housing practice by a third-party, where the person knew or should have known of the discriminatory conduct and had the power to correct it." *Id.* at 1102, n. 6; 24 C.F.R. § 100.7. However, the court also pointed out that neither the Ninth Circuit nor any district court within the Circuit has yet interpreted 24 C.F.R. § 100.7. *Id.* The *Morris* court disagreed with HUD's broad reading of the statute:

> I continue to believe that West Hayden cannot be held liable for the actions of non-Board Member homeowners. First, HUD's interpretation of the statute strikes me as incredibly broad. Second, West Hayden lacks the resources to effectively police the interactions of each homeowner in the development. Third, even if it had the resources to police those interactions, West Hayden lacks the "arsenal of incentives and sanctions" to prevent discrimination held by the landowners in *Wetzel* and *Francis*, making those cases inapt. Finally, as a matter of public policy, I am reluctant to impose a duty under an extraordinarily broad reading of the Fair Housing Act requiring homeowners associations to police and correct disputes among neighbors; such a duty would almost certainly create more conflict than it prevented. If Congress wishes to impose this duty on homeowners associations, it must say so plainly.

*Id.* The Court concluded that the defendant homeowners association "could not be held liable for conduct by non-party homeowners because it lacked the ability to police and effectively control the actions of the homeowners that were allegedly discriminating against Plaintiffs." *Id.* at 1101-02. The court granted the defendant's motion for judgment as a matter of law.

The same reasoning should be applied to this case. The Seventh Circuit has not yet interpreted 24 C.F.R. § 100.7. Vicki New was not acting as a board member, agent, or employee of the Twin Creeks Defendants when she engaged in her ongoing pattern of racially motivated harassment. Accordingly, under the language of the Fair Housing Act, Plaintiffs have failed to state a claim against the Twin Creeks Defendants upon which relief can be granted.

14

6. **The pleadings fail to provide sufficient facts to support their claims that the Twin Creeks Defendants violated §§ 3604(b), (c), (d), or (e).**

Plaintiffs have failed to plead facts entitling them to relief as a result of Twin Creeks Defendants having discriminated in the terms, conditions or privilege of rental, or in the provision of services or facilities in connection with rentals, in violation of § 3604(b); made, printed, or published materials that indicate a preference, limitation, or discrimination because of race or national origin, in violation of § 3604(c); or indicated in any way that Twin Creeks residences are not available to people of particular race or national origin, as alleged in Paragraph 91 of the Complaint.

As has been argued, *supra*, there are no allegations that Banks rented her residence from the Twin Creeks Defendants. As such, the Twin Creeks Defendants do not owe Banks any contractual duties pursuant to the rental contract. There are no allegations that the Twin Creeks Defendants failed to provide any services or facilities in connection with the rental of Banks's residence. There are no allegations regarding any materials published by the Twin Creeks Defendants, and certainly no facts demonstrating that they published discriminatory materials. Banks continued to reside in her home at least until the filing of the Complaint in this matter, which clearly negates any claim that she vacated her home as a result of racial or national origin harassment. There are no allegations that the Twin Creeks Defendants were involved in any way with Banks's rental of her Twin Creeks home, much less that they indicated to her that residences are not available within Twin Creeks to people of particular race or national origin, as alleged in the Complaint. Finally, there are no allegations that the Twin Creeks Defendants threatened, intimidated, or interfered with Banks's enjoyment of her dwelling because of her race or national origin.

15

Paragraph 91 of the Complaint, including all of its subparts, is the epitome of the type of "legal conclusions" allegations that are insufficient to survive a Rule 12(c) motion. See *Adams*, 742 F.3d at 728. The Court should grant the Twin Creeks' Defendants' motion for judgment on the pleadings in their favor as to all claims arising under §§ 3604 (b), (c), (d), (e), or (f) of the Fair Housing Act.

**7.     The Twin Creeks Defendants did not violate Section 3617.**

"To prevail on a § 3617 claim, a plaintiff must show that (1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *Bloch*, 587 F.3d at 783.

Plaintiffs have failed to state an actionable claim under § 3617. None of the allegations in the Complaint involves any activities by the Twin Creeks Defendants that could conceivably be interpreted as coercion, threats, intimidation, or interference with Banks on account of her exercising her housing rights. In fact, the factual allegations against the Twin Creeks Defendants are based on their alleged failure to act to end New's discriminatory harassment, not on any action taken by the Twin Creeks Defendants. Therefore, the Plaintiffs have failed to state a § 3617 claim against the Twin Creeks Defendants.

**8.     The facts presented do not support Plaintiffs' claims pursuant to the Civil Rights Act, §§ 1981 and 1982.**

In order to state a claim under § 1981 of the Civil Rights Act, the Plaintiffs must demonstrate the Twin Creeks Defendants violated Banks's right related to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981. To state a

16

claim under § 1981 of the Civil Rights Act, Banks must demonstrate that the Twin Creeks Defendants interfered with her exercising the same right as white citizens "to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.

As the Twin Creeks Defendants have fully argued supra, neither Defendant had a contractual relationship with Banks, and Banks did not allege any contractual relationship with the Twin Creeks Defendants in her pleadings. There are no facts alleged in the Complaint that would support a claim the Twin Creeks Defendants interfered in any way with Banks's rental contract for her Twin Creeks residence. The only actions that may have interfered with Banks's rights under her housing contract were perpetrated by New.

Banks complains only that the Twin Creeks Defendants failed to take action to stop New's ongoing harassment. However, Banks has failed to provide any factual basis to support a § 1981 complaint against them. Although Banks is a member of a protected class, she has failed to plead any facts that would demonstrate that the Twin Creeks Defendants alleged failure to enforce the community's restrictive covenants was racially motivated. An intent to discriminate for an illegal purpose is an essential element of a cause of action under § 1981. *See, e.g., Kim v. Ritter*, 493 F. App'x 787, 789 (7th Cir. 2012) (holding that plaintiff's claims failed due to her failure to contend that the defendants' actions were racially motivated). Because Banks failed to demonstrate that the Twin Creeks Defendants actions, or failure to act, were racially motivated, her claims under the Civil Rights Act fail as a matter of law.

9. **The Twin Creeks Defendants responded appropriately, and within the confines of their authority, to the allegations of harassment.**

The Twin Creeks Defendants acted appropriately in responding to complaints about New's abhorrent behavior. They took action in the form of multiple attorney letters and working with the Twin Creeks residents to discuss, document, and address the situation. The Twin

17

Creeks Defendants were prepared to pursue all action within their authority, including the filing of a civil action seeking injunctive relief, to prevent New's harassment of residents. However, the situation was remedied without the need for such action when New moved out of her home in Twin Creeks in late 2018.

There is no evidence that any of the methods available to the Twin Creeks Defendants to enforce the covenants against New would have been effective. The only certain way to prevent New from continuing her outrageous behavior would have been to remove her from her property; however, the Twin Creeks Defendants did not have any legal or contractual authority to take such action against New.

**10.    <u>Banks's alleged injuries were not the result of any failure of the Twin Creeks Defendants to train or supervise employees or agents.</u>**

Banks fails to state a claim for the Twin Creeks Defendants' failure to train or supervise. To prevail on a negligence claim, Banks must show (1) a duty owed to her by Twin Creeks Defendants, (2) a breach of that duty, and (3) injury to Banks that was proximately caused by the Defendants' breach. *See Hayden v. Franciscan Alliance, Inc.*, 131 N.E.3d 685 (Ind. Ct. App. 2019). Banks has not pleaded any facts which would give rise to the inference that the Twin Creeks Defendants owed a duty to Banks, either in contract or in tort, to train or supervise its agents and employees.

All of the actions complained of by Banks were the actions of Defendant Vicki New, who was neither an employee nor agent of The Twin Creeks Defendants. Therefore, any injury sustained by Banks was the result of the actions of someone other than the employees or agents of the Twin Creeks Defendants. Because Banks fails to establish the basic elements of negligent training or supervision, Banks's Fifth Claim fails to state a claim upon which relief can be granted.

## IV.    CONCLUSION

For the foregoing reasons, Defendants Kirkpatrick Property Management Company, Inc.

and Twin Creeks Homeowners Association, Inc. respectfully request that the Court enter

judgment on the pleadings in their favor and against Plaintiffs on the First Claim, Second Claim,

Third Claim, Fourth Claim, and Sixth Claim of the Complaint, and award all other just and

proper relief.

Respectfully submitted,

/s/ Crystal S. Wildeman
Crystal S. Wildeman, IN #26603-82
WOODEN MCLAUGHLIN LLP
25 N.W. Riverside Drive, Suite 310
Evansville, Indiana 47708
812-401-6151
812-401-6444
Crystal.Wildeman@WoodenLawyers.com

/s/ Jere A. Rosebrock
Jere A. Rosebrock, IN #26566-49
WOODEN MCLAUGHLIN LLP
One Indiana Square, Suite 1800
Indianapolis, IN  46204-4208
317-639-6151
317-639-6444 FAX
Jere.rosebrock@woodenlaywers.com

Attorneys for Defendants Kirkpatrick Management
Company, Inc. and Twin Creeks Homeowners
Association, Inc.

## CERTIFICATION OF TRIAL RULE 5(G) COMPLIANCE & VERIFICATION/CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2020 a copy of the foregoing *Brief in Support of Motion for Judgment on the Pleadings* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jeffrey A. Macey
MACEY SWANSON LLP
445 N. Pennsylvania, Suite 401
Indianapolis, IN 46204

Lisa Cristol-Deman
BRANCART & BRANCART
P.O. Box 686
Pescadero, CA 94060

Attorneys for Plaintiffs

    and via First Class, U.S. Mail to the following:

Vicki New
3372 Roundlake Lane
Whitestown, IN 46075

Pro Se

/s/ *Crystal S. Wildeman*
Crystal S. Wildeman, IN 26603-82

20