**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **FAIR HOUSING CENTER OF CENTRAL INDIANA, INC; and DONATA BANKS,**<br><br>      **Plaintiff,**<br><br>     **vs.**<br><br>**VICKI NEW; KIRKPATRICK MANAGEMENT COMPANY, INC.; and TWIN CREEKS HOMEOWNERS ASSOCIATION, INC.,**<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.:  1:20-cv-01176 TWP-DLP** |

**[PROPOSED] JOINT CASE MANAGEMENT PLAN**

Plaintiffs and Defendants, Kirkpatrick Management Company, Inc., and Twin Creeks

Homeowners Associations, Inc. by their respective counsel, submit the following proposed case

management plan:

**I.**    **Parties and Representatives**

    A.    Plaintiffs: Fair Housing Center of Central Indiana, Inc., and Donata Banks. Defendants: Vicki New[1], Kirkpatrick Management Company, Inc., and Twin Creeks Homeowners Association, Inc.

    B.    Plaintiffs are represented by Liza Cristol-Deman, Brancart & Brancart, Post Office Box 686, Pescadero, California 94060; Telephone: 650-879-0141; Fax: 650-879-1103; lcristoldeman@brancart.com

        Plaintiffs are also represented by Jeffrey A. Macey, Macey Swanson LLP, 445 N. Pennsylvania Street, Suite 401, Indianapolis, Indiana 46204; Telephone: 317-637-2345; Fax:  317-637-2369; jmacey@maceylaw.com

---

[1] Vicki New has not appeared in this matter and did not participate in the initial Rule 26(f) conference or the preparation of this Proposed Case Management Plan.

1

Defendants Kirkpatrick Management Company and Twin Creeks Homeowners Association are represented by Crystal Wildeman, Wooden McLaughlin LLP, 25 NW Riverside Drive, Suite 310, Evansville, Indiana 47708; Telephone: 812-401-6151; Fax: 812-401-6444; crystal.wildeman@woodenlawyers.com.

Defendants Kirkpatrick Management Company and Twin Creeks Homeowners Association are also represented by Jere A. Rosebrock, Wooden McLaughlin LLP, One Indiana Square, Suite 1800, Indianapolis, Indiana 46204-4208; Telephone: 317-639-6151; Fax: 317-639-6444; jere.rosebrock@woodenlawyers.com.

Defendant Vicki New has not yet appeared in this matter.

Counsel will promptly file a notice with the Clerk if there is any change in this information.

## II.   Jurisdiction and Statement of Claims

A.   This Court has subject matter jurisdiction over plaintiffs' federal claims under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C § 3613. The court should exercise supplemental jurisdiction over plaintiffs' state law claims because they are related to plaintiffs' federal claims, form part of the same case or controversy, and arise out of a common nucleus of facts.

B.   **Plaintiffs' Statement of Claims:** This is a housing discrimination case brought under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*; the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982; and the Indiana Fair Housing Act, Ind. Code § 22-9.5l. Plaintiffs also sue for intentional infliction of emotional distress and negligence. Plaintiffs – Donata Banks, a former resident of the Twin Creeks subdivision, and the Fair Housing Center of Central Indiana, a local non-profit – allege that defendant Vicki New harassed and discriminated against Banks, her family, and other residents of Twin Creeks based on their race and national origin. Banks is African American. Vicki New resided in Twin Creeks and regularly used racial slurs when speaking to Banks and other residents of color, yelled at Banks, her invited guests, and other residents based on their race or national origin, followed residents of color, threatened to harm or kill Latino residents based on their national origin, and harassed numerous residents with baseless police and CPS reports with the intent to intimidate or threaten them because of their race or national origin. Defendant Twin Creeks Homeowners Association knew about Vicki New's menacing, racially discriminatory conduct since at least the summer of 2016, but did nothing to end her conduct, despite CC&Rs that empowered the Homeowners Association to control offensive activities, nuisances, or other violations of statutes or ordinances at Twin Creeks. Likewise, the management company responsible for operating Twin Creeks, defendant Kirkpatrick Management, knew about Vicki New's conduct but did not use the power set forth in the CC&Rs to stop Ms. New from repeatedly harassing residents based on their race and national origin. The Fair Housing Center was injured by this

2

conduct when it diverted its resources to investigating and counseling numerous residents, and its mission has been frustrated.

C. **Defendants Kirkpatrick Management Company, Inc. and Twin Creeks Homeowners Association, Inc.'s Statement of Defenses**:  Defendants Kirkpatrick Management Company, Inc. and Twin Creeks Homeowners Association, Inc. (collectively, "Twin Creeks Defendants") deny all allegations against them in the Complaint and further deny that they are liable for any of the actions which gave rise to the complaint.  None of the discriminatory activities alleged in the complaint were performed by any employee or agent of Kirkpatrick Management Company, Inc. or Twin Creeks Homeowners Association, Inc.  Defendant Vicki New, who was the person who committed all of the discriminatory activities alleged in the complaint, has never been an employee or agent of the Twin Creeks Defendants.  To the extent that Plaintiff Donata Banks bases her claims on contractual obligations owed to her by the Twin Creeks Defendants, Banks lack standing to bring such claims because she is not party to the Covenants she seeks to enforce and, therefore, has no standing to bring such claims.  Twin Creeks Defendants have a pending Motion for Judgment on the Pleadings.

**III.    Pretrial Pleadings and Disclosures**: The anchor date is April 16, 2020, the date on which the Complaint (Doc. 1) was filed.

A.    The parties[2] shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **August 17, 2020**.

B.    Plaintiffs shall file preliminary witness and exhibit lists on or before **August 24, 2020**.

C.    Defendants shall file preliminary witness and exhibit lists on or before **August 31, 2020**.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **September 16, 2020**, except that the parties may amend thereafter with the opposing party's written consent or the Court's leave, in accordance with Fed. R. Civ. P. 15(a)(2).

E.    Plaintiffs shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before September 16, 2020. Defendants shall serve on the Plaintiffs (but not file with the Court) a response thereto on or before **October 16, 2020**.

F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required

---

[2] As used herein, Parties refers to Plaintiffs Donata Banks and Fair Housing Central of Indiana, and Defendants Kirkpatrick Management Company, Inc. and Twin Creeks Homeowners Association, Inc. A motion to serve defendant Vicki New by publication or email, or to enlarge the time to serve her, is pending.

3

by Fed. R. Civ. P. 26(a)(2) on or before **April 16, 2021**.  Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **May 16, 2021**; or if Plaintiff has disclosed no experts, Defendants shall make its expert disclosure on or before **May 16, 2021**.

G.      Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 120 days prior to the proposed trial month.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **July 16, 2021**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      Discovery of electronically stored information ("ESI"). None of the parties is seeking the production of a substantial volume of ESI. Nevertheless, discovery of ESI is anticipated as outlined below.

Plaintiffs anticipate seeking ESI discovery – including emails, texts, voice mails, social media, videos, and computer files -- regarding the operation of Twin Creeks Homeowners Association and Kirkpatrick Management, the nature of the relationship between the two and their interactions; New's residency in Twin Creeks and her conduct; complaints about New's conduct; the other defendants' knowledge of her conduct; defendants' powers and roles in handling complaints; defendants' actions in response to complaints about New; defendants' actions in response to complaints about other conduct; other similar allegations or cases brought against any defendant; defendants' agents and employees; defendants' insurance; defendants' financial condition.

Defendants Kirkpatrick Management Company, Inc. and Twin Creeks Homeowners Asociation, Inc. ("Twin Creek Defendants") intend to seek discovery of communications, including emails, text message and other electronic communications made through device applications.  Plaintiffs should preserve any communications concerning the claims and defenses in this matter, particularly including any concerning the real property at issue and its construction, sale,

purchase, and transfer.  Plaintiffs shall preserve any communications concerning the claims asserted in this matter.

Twin Creeks Defendants also intend to seek discovery of all documents of Fair Housing Center of Central Indiana, including but not limited to corporate documents, internal and external communications, telephone records, memos, surveys, data analysis, and notes, relating to the issues raised in the complaint and their investigation which lead to the filing of the complaint.

Metadata may be required to verify times of ESI creation, modification, and access and may further assist in the event of larger data volume for organization, searchability, and maintaining the reasonable usability of produced ESI.

The parties agree to produce all discoverable ESI as Static Images.  Static Images means a representation of ESI produced by converting a Native File into a color Portable Document Format (PDF) image format capable of being viewed and printed on standard computer systems, with text searching capabilities retained from the Native File, or searchable by process of Optical Character Recognition. A Native File means ESI in the electronic format of the application in which it is normally created, viewed or modified.  When the Static Image is produced, the producing party shall maintain the ESI in its Native File and should not modify the Native File in a manner that materially changes the file or metadata.  ESI that is not easily converted to a usable Static Image, for example, Microsoft Excel files, shall be produced as a Native File.  After initial production of Static Images, a party seeking production of Native File ESI should particularize, in writing, a need for that production.

The parties propose the clawback provision set forth below, which is the same as the version set forth in the court's uniform CMP:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    <u>Discovery[3] and Dispositive Motions</u>

---

[3]    The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.  Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

Defendants Kirkpatrick Management Company and Twin Creeks Homeowners Association have filed a motion for judgment on the pleadings (Docs. 13-14.) That motion is pending. In the event that judgment on the pleadings is not granted, the Defendants anticipate filing a motion for summary judgment on the grounds that none of the discriminatory activities alleged in the complaint were performed by any employee or agent of Kirkpatrick Management Company, Inc. or Twin Creeks Homeowners Association, Inc. Defendant Vicki New, who was the person who committed all of the discriminatory activities alleged in the complaint, has never been an employee or agent of the Twin Creeks Defendants. To the extent that Plaintiff Donata Banks bases her claims on contractual obligations owed to her by the Twin Creeks Defendants, Banks lack standing to bring such claims because she is not a homeowner, is not a member of the Twin Creeks Homeowners Association, and as such, is not a party to the Covenants she seeks to enforce; therefore, has no standing to bring such claims. Kirkpatrick Management Company and Twin Creeks Homeowners Association are not landlords, and there is no statutory basis to impute to them responsibility for the private speech or actions, no matter how abhorrent, of homeowners living within the Twin Creeks community. The evidence will demonstrate that the Defendants acted reasonably in addressing the actions of homeowner and defendant, Vicki New.

Plaintiffs anticipate filing a dispositive motion regarding the liability of defendant Kirkpatrick Management Company and Twin Creeks Homeowners Association's based on their failure to take prompt action to stop the discriminatory conduct of Vicki New. Implementing regulations under the Fair Housing Act provide that either of these defendants may be held directly liable if they failed to take "prompt action to correct and end a discriminatory housing practice by a third-party, where the person knew or should

---

opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

have known of the discriminatory conduct and had the power to correct it." 24 C.F.R. § 100.7(a)(iii). Plaintiffs reserve the right to file cross motions for summary judgment using the briefing procedures set forth in Judge Pratt's standing order, Courtroom Procedures and Trial Practice Before the Honorable Tanya Walton Pratt.

B.      On or before **February 23, 2021**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.      Select the track that best suits this case:

Track 2: Dispositive motions are expected and shall be filed by **April 16. 2021;** non-expert witness discovery and discovery relating to liability issues shall be completed by **February 16. 2021**; expert witness discovery and discovery relating to damages shall be completed by **July 16, 2021**.  All remaining discovery shall be completed by no later than **October 15, 2021.** Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.      <u>Pre-Trial/Settlement Conferences</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.   The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in **October or November 2020, before significant discovery has been completed but after the court has adjudicated defendants' motion for judgment on the pleadings.**

## VI.      <u>Trial Date</u>

The parties request a trial date in late 2021 or early 2022.  The trial is by jury and is anticipated to take approximately 7 days.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.      <u>Referral to Magistrate Judge</u>

A.      **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.      **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.   Required Pre-Trial Preparation**

A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.   Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.   brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.   Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.   **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.   If a party has an objection to the deposition summary or to a designated

portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    Other Matters

1. Defendant Vicki New has not yet appeared in this case and did not participate in the drafting of this CMP. Plaintiffs' unopposed motion to serve her by email or publication, or in the alternative, to enlarge the time to effect service on New, is pending.
2. The parties agree that service may be effected by email. Fed. R. Civ. P. 5(b)(2)(E). For computation of time, service is completed upon transmission.   Fed R. Civ. P. 6(d).
3. Due to the ongoing COVID crisis, counsel may appear in court (to the extent permitted by the court) and participate in depositions by telephone, videoconference, or other remote means pursuant Fed. R. Civ. P. 30(b)(4).

Dated:   July 9, 2019.

Respectfully submitted,

| | |
|---|---|
| MACEY SWANSON LLP | BRANCART & BRANCART |
| */s/ Jeffrey A. Macey*  Jeffrey A. Macey (IN 28378-49) | */s/ Liza Cristol-Deman* |
| | Liza Cristol-Deman (CA190516) |
| jmacey@maceylaw.com | cristoldeman@brancart.com |
| 445 N. Pennsylvania Street | Post Office Box 686 |
| Suite 401 | Pescadero, CA 94060 |
| Indianapolis, Indiana 46204 | Tel: (650) 879-0141 |
| Tel: (317) 637-2345 | Fax: (650) 879-1103 |
| Fax: (317) 637-2369 | Attorneys for Plaintiffs |
| Attorneys for Plaintiffs | |

MACEY SWANSON LLP
*/s/ Jeffrey A. Macey*  Jeffrey A. Macey (IN 28378-49)
 jmacey@maceylaw.com
445 N. Pennsylvania Street
Suite 401
Indianapolis, Indiana 46204
Tel: (317) 637-2345
Fax: (317) 637-2369
Attorneys for Plaintiffs

BRANCART & BRANCART
*/s/ Liza Cristol-Deman*
Liza Cristol-Deman (CA190516)
cristoldeman@brancart.com
Post Office Box 686
Pescadero, CA 94060
Tel: (650) 879-0141
Fax: (650) 879-1103
Attorneys for Plaintiffs

WOODEN MCLAUGHLIN LLP
*/s/ Crystal S. Wildeman*
Crystal S. Wildeman (IN 26603-82)
25 NW Riverside Dr., Suite 310
Evansville, IN 47708
Tel: (812) 401-6151
Fax: (812) 401-6444
*crystal.wildeman@woodenlawyers.com*

Attorney for Defendants, Kirkpatrick Management Co., Inc. and. Twin Creeks Homeowners Assoc., Inc.

WOODEN MCLAUGHLIN LLP
*/s/ Jere A. Rosebrock*
 Jere A. Rosebrock (IN 26566-49)
One Indiana Square, Suite 1800
Indianapolis, IN 43204-4208
Tel: (317) 639-6151
Fax: (317) 639-6444
Jere.rosebrock@woodenlawyers.com

Attorneys for Defendants, Kirkpatrick Management Co., Inc. and. Twin Creeks Homeowners Assoc., Inc.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____                      _____
Date                                                             U.S. District Court
                                                                     Southern District of Indiana

## Certificate of Service

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on July 9, 2020, I caused the following document to be served by email via the Court's ECF system a copy of the document entitled – **PROPOSED JOINT CASE MANAGEMENT PLAN**– upon the following attorneys:

Jeffrey A. Macey
Macey Swanson LLP
445 N. Pennsylvania Street
Suite 401
Indianapolis, Indiana 46204
*jmacey@maceylaw.com*

Crystal S. Wildeman
Wooden McLaughlin LLP
25 NW Riverside Dr., Suite 310
Evansville, IN 47708
 *crystal.wildeman@woodenlawyers.com*

Jere A. Rosebrock
Wooden McLaughlin LLP
One Indiana Square, Suite 1800
Indianapolis, IN 43204-4208
Jere.rosebrock@woodenlawyers.com


*/s/ Liza Cristol-Deman*