**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC; and DONATA BANKS, <br><br> Plaintiff, <br><br> vs. <br><br> VICKI NEW; KIRKPATRICK MANAGEMENT COMPANY, INC.; and TWIN CREEKS HOMEOWNERS ASSOCIATION, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **Case No.: 1:20-cv-1176-TWP-DLP** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SERVE DEFENDANT VICKI NEW BY PUBLICATION OR EMAIL; OR IN THE ALTERNATIVE, TO ENLARGE TIME TO SERVE SUMMONS AND COMPLAINT ON DEFENDANT VICKI NEW**

Pursuant to Rule 4 and Rule 6 (b)(1) of the Federal Rules of Civil Procedure, plaintiffs request an order permitting service by publication or email on defendant Vicki New, or in the alternative, an order extending time for service of the summons and complaint on Vicki New. The current deadline for service is July 15, 2020. In the event that the court does not approve service by publication or email, plaintiffs request an additional 60 days in which to effect service, up to and including September 15, 2020. This is the first request for any such extension.

Defendants Kirkpatrick Management Company, Inc. and Twin Creeks Homeowners Association, Inc. do not oppose this motion. See the declaration of Liza Cristol-Deman, filed herewith ("Cristol-Deman Dec."), ¶ 17.

1

I.   ARGUMENT

    **A. Service by publication or email is warranted, because defendant Vicki New has evaded personal and mail service, has concealed her whereabouts, and has received actual notice of the complaint.**

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual within a judicial district of the United States may be served using any of the following methods:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.Pro. 4(e).

Plaintiffs have diligently attempted to serve Vicki New using each of these methods, including methods permitted under Indiana State law, as detailed below. Based on public records, correspondence from related administrative proceedings at the Indiana Civil Rights Commission, and statements made by Ms. New, plaintiffs strongly believe that they have a valid and current address for Ms. New. Nevertheless, plaintiffs have not been able to locate any individual at that address; nor has Ms. New signed for the certified mail sent to that address. (Cristol-Deman Dec. ¶ 2.) Plaintiffs are confident, however, that Ms. New has received the summons and complaint, because she has repeatedly called plaintiffs' counsel and plaintiff Fair Housing Center of Central Indiana ("FHCCI") complaining about the documents sent to her, and she has mailed counsel a document entitled "Response to the Fair Housing Discrimination

2

Complaint." (Cristol-Deman Dec. ¶ 13 and Exhibit 8.)  For these reasons, service by publication or email is warranted.

1. *Research to locate Vicki New.*

Vicki New is the former co-owner and resident of 6315 Twin Creeks Drive in Indianapolis (*See* Complaint; Request for Jury Trial, Doc. 1 ["Complaint"], at ¶ 6.) In or around December 2018, Ms. New and her husband sold and moved out of the house on Twin Creeks Drive. (Complaint, ¶ 26.) Before initiating legal action against Ms. New with the United States Department of Housing and Urban Development (HUD), plaintiffs used online research tools to locate a new residence address for Vicki New. As of April 3, 2019, online research indicated that Ms. New was living on Roundlake Lane in Whitestown, Indiana, located in Boone County. (Cristol-Deman Dec. ¶ 3.) That address was used throughout the administrative proceedings with HUD and subsequently with the Indiana Civil Rights Commission, which issued a determination of reasonable cause on March 3, 2020. (Cristol-Deman Dec. ¶ 4 and Exhibits 1, 2.)

After plaintiffs filed their complaint before this court, plaintiffs confirmed Ms. New's residence address using online research tools and the Boone County Assessor. At that time, and again as recently as July 6, 2020, these sources show that Ms. New resides on Roundlake Lane in Whitestown, Indiana. (Cristol-Deman Dec. ¶ 7.) The property card on file at the Assessor's office indicates that Vicki New and her husband own the single-family home located on Roundlake Lane. (Cristol-Deman Dec. ¶ 7 and Exhibit 4.) Likewise, the sales disclosure on file with the Assessor's office for the Roundlake Lane address indicates that it will be Vicki New's "primary residence." (Cristol-Deman Dec. ¶ 7 and Exhibit 5.) Plaintiffs have searched online for any other recent residence addresses for Ms. New besides Roundlake Lane, but none have turned

up. (Cristol-Deman Dec. ¶ 9.) Online research also has not uncovered any business address or professional licenses held by Ms. New. (Cristol-Deman Dec ¶ 9.) The Roundlake Lane address, therefore, should be presumed to be the correct and current residence address for Ms. New.

2.  *Plaintiffs have diligently attempted to serve Ms. New in person at her residence.*

Three days after the court issued the summons in this case, plaintiffs dispatched a process server to effect personal service at Ms. New's residence on Roundlake Lane. (Cristol-Deman Dec. ¶ 8.) Between April 24, 2020 and May 29, 2020, a process server visited the house on nine different dates, at various hours between 7:00 a.m. and 9:35 p.m. On each visit, there was no answer at the door. *See* Non-Service Report, attached to the Cristol-Deman Dec. as Exhibit 1. The process server deemed the attempts to serve a failure.

3.  *Plaintiffs have sent the summons and complaint to Ms. New via certified mail and regular mail.*

Plaintiffs also attempted to serve Ms. New by certified mail, a method of service that is permitted under Rule 4.1 of the Indiana Trial Rules. On May 4, 2020, plaintiffs' counsel enclosed the summons, complaint, and other required documents in an envelope addressed to Ms. New at the Roundlake Lane address and mailed it via certified mail with return receipt requested. (See the declaration of Jeffrey A. Macey, filed herewith, ["Macey Dec."] ¶ 3.)  The envelope was returned to Plaintiffs' marked "Unclaimed" with the return receipt still attached. (Macey Dec. ¶ 3.) According to the return-to-sender delivery instructions, it was returned to Plaintiffs' counsel on June 22, 2020.

In addition, plaintiffs sent a copy of the complaint to Ms. New at her residence address on April 20, 2020 via regular mail, as part of serving a filing with the Indiana Civil Rights

Commission. (Cristol-Deman Dec. ¶ 6.) Ms. New apparently rejected that mail, which was returned to plaintiffs' counsel by the U.S. postal service. (Cristol-Deman Dec. ¶ 6 and Exhibit 3.)

 4. *Ms. New has received actual notice of the complaint.*

There is no doubt that Ms. New is aware of the lawsuit and has received a copy of the complaint. On April 23, 2020, Ms. New called plaintiffs' counsel's office and asked numerous questions about the allegations against her and the role of plaintiffs' counsel. She stated that she was "confused by the papers she received." Plaintiffs' counsel explained the nature of the lawsuit and the role of counsel, and advised Ms. New to seek her own attorney. (Cristol-Deman Dec. ¶ 11.) Plaintiffs' counsel also asked Ms. New for her email address, which she provided willingly. (Cristol-Deman Dec. ¶ 10.)

Ms. New has also called plaintiffs' counsel and plaintiff FHCCI repeatedly and made statements indicating that she has received the complaint but is evading formal service. On June 5, 2020, for example, Ms. New left a voice mail message for FHCCI stating, among other things, that she does not understand "why we are getting all of these notices in the mail, which of course we are not accepting." (Cristol-Deman Dec. ¶ 12 and Exhibit 7.) In another voicemail, left for plaintiffs' counsel on June 11, 2020, Ms. New stated, "my husband and I are frequently mentioned in this housing discrimination complaint, and this couldn't be any more fraudulent, fictitious or fabricated if I really tried to write a characterization cartoon for Disney." (Macey Dec. ¶ 5.) These voice mail messages establish that Ms. New has received the complaint while she is purposely refusing to accept formal service.

Indeed, Ms. New has prepared – although apparently not filed – a response to the complaint. On June 15, 2020, Ms. New mailed a document to plaintiffs' counsel entitled

5

"Response to the Fair Housing Discrimination Complaint." (Cristol-Deman Dec. ¶ 13 and Exhibit 8.) In that document, which is signed by Vicki New and James New, Ms. New responded generally to the factual allegations made in plaintiffs' complaint, alleges that the plaintiffs have committed perjury, and demands that all parties and counsel "cease and desist any contact, letters[,] complaints and fraudulent, fictitious, fabricated accusations to or about Jim & Vicki New and that our address will never be posted anywhere." The return address on the envelope is a post office box in Zionsville, Indiana. (*Id.*)

5. *Plaintiffs sent Ms. New the summons and complaint via email on July 7, 2020, and did not receive a "bounce-back" message.*

On July 7, 2020, plaintiffs' counsel sent two email messages to Ms. New at the email address she previously provided. The subject line of each email was in all capital letters and read "Service of Important Documents." The first email attached the summons, complaint, and all other e-filed documents through Document 10. The second email attached all e-filed documents 11 through 14. Counsel did not receive a "bounce back message." (Cristol-Deman Dec. ¶ 14 and Exhibit 9.)

6. *Email service or service by publication is warranted here.*

Plaintiffs have diligently attempted to serve Vicki New with the summons and complaint in person and via certified mail. Based on online research and public records obtained from the County Assessor, plaintiffs are confident that they have attempted to serve Ms. New at her current residence address and that there is no alternate address. Through no fault of plaintiffs, she has evaded service and appears unwilling to accept mail or delivery from plaintiffs' counsel. Under these circumstances, service by email or publication is warranted.

6

Plaintiffs have already emailed Ms. New the summons, complaint, and all e-filed documents in this case, to an email address that she recently provided. (Cristol-Deman Dec. ¶ 14 and Exhibit 9.) Electronic service is a valid means of service if other methods of service fail, and the email does not bounce back. *See*, *e.g., Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir 2002); *United States v. Marsteller*, No. 7:17CV441, 2018 WL 5094066, at *1-2 (W.D. Va. May 23, 2018) (service by email acceptable where defendant acknowledged receipt and diligent conventional efforts failed). These two prerequisites have been met – other methods of service have failed by no fault of plaintiffs, and the email did not bounce back. (Cristol-Deman Dec. ¶ 14.) Accordingly, plaintiffs request that court deem Ms. New as served via email, effective July 7, 2020.

Alternatively, or in addition to email service, plaintiffs request that the court permit Ms. New to be served by publication. The Indiana Trial Rules provide for service by publication upon a request, supported by evidence that plaintiffs have made diligent efforts to locate defendant and "defendant cannot be found, has concealed his whereabouts, or has left the state…" Ind. Trial Rule 4.13. The evidence above meets this standard.

Plaintiffs have made diligent efforts to locate defendant Vicki New, but she has refused to accept mail delivery or personal delivery of the summons and complaint. Plaintiffs have diligently conducted online searches and searches of public records; those records indicate that Ms. New's primary (and only) residence is on Roundlake Lane. (Cristol-Deman Dec. ¶ 7.) Counsel has diligently attempted to serve Ms. New by mail and in person at Roundlake Lane address. (Cristol-Deman Dec. ¶ 8; Macey Dec. ¶ 2.) Ms. New has admitted that she is refusing to accept delivery from plaintiffs' counsel at that address. (Cristol-Deman Dec. ¶ 12.) These factors

7

warrant service by publication. *See, e.g., Cunningham v. Montes,* 883 F.3d 688, 689-90 (7th Cir. 2018).

If the court so orders, plaintiffs will comply with Rule 4.13 of the Indiana Trial Rules by having the summons published three times in the *Lebanon Reporter*, the primary newspaper serving Boone County, or another newspaper as directed by the Court. The form of the summons to be published, as required by Rule 4.13, is attached to the Declaration of Liza Cristol-Deman as Exhibit 11.

### B.  In the alternative, plaintiffs have shown good cause to extend the deadline for service on Vicki New.

Rules 4 and 6 (b)(1) of the Federal Rules of Civil Procedure both provide that the court should extend the deadline for service of the summons and complaint for good cause. Rule 6 provides, in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Similarly, Rule 4(m) provides that "if the plaintiff shows good cause for the failure [to effect service within the 90-day period], the court must extend the time for service for an appropriate period." Plaintiffs have established good cause for an extension.

Here, the complaint was filed on April 17, 2020. (ECF 1.) The 90-day deadline to serve the summons and complaint under Rule 4 has not yet expired. As shown by the service attempts described above, plaintiffs have made diligent and timely efforts to serve Ms. New. Despite these efforts, plaintiffs have been unable to effect service for reasons beyond their control. This factor

alone constitutes good cause to extend the deadline for service. *Mateo v. M/S KISO*, 805 F.Supp. 792, 795 (N.D. Cal. 1992), abrogated on other grounds by *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004); *United States v. Fields*, 703 F.Supp. 749, 751 (N.D.Ill.1989) (reasonable and diligent efforts to effect service support good cause).

Second, the facts set forth above also show that Ms. New is actively evading service and refusing to accept receipt by certified mail. Her actions also support plaintiffs' request to extend the deadline for service. *See Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 942 (10th Cir.1987) and *Benage v. Gibraltar Building & Loan Assoc., Inc.,* 115 F.R.D. 20, 21 (D.Conn.1987), cited approvingly in *Mid–Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 303 (7th Cir.1991); *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997); *Ruiz Valera v. Sanchez Velez*, 814 F.2d 821, 823-824 (1st Cir. 1987); *see also* Indiana Trial Rule 4.16(a) (" It shall be the duty of every person being served under these rules to cooperate, accept service, [and] comply with the provisions of these rules…").

Third, Ms. New's voice mails and written "response" demonstrate that she has received actual notice of the lawsuit and understands that she has a duty to respond. (Cristol-Deman Dec. ¶¶ 12-13; Macey Dec. ¶¶ 5-6.) This is yet another factor that warrants extension of the service deadline. *See Feingold v. Hankin*, 269 F.Supp.2d 268, 276 (S.D. NY 2003); Ind. Tr. R.4.16(a).

Last, this request will not delay the yet-to-be scheduled trial date or any long-term deadlines in the case.

## II.    CONCLUSION

For the foregoing reasons, plaintiffs respectfully seek an order allowing service by email or publication, or in the alternative, enlarging time in which to effect service on defendant Vicki

9

New by 60 days, up to and including September 15, 2020. A proposed order is lodged herewith.

      Dated:  July 10, 2020.

Respectfully submitted,

| | |
|---|---|
| MACEY SWANSON LLP | BRANCART & BRANCART |
| /s/ Jeffrey A. Macey | */s/ Liza Crisol-Deman* |
| Jeffrey A. Macey (IN 28378-49) | Liza Cristol-Deman (CA190516) |
| jmacey@maceylaw.com | lcristoldeman@brancart.com |
| 445 N. Pennsylvania Street | Post Office Box 686 |
| Suite 401 | Pescadero, CA 94060 |
| Indianapolis, Indiana 46204 | Tel:   (650) 879-0141 |
| Tel:    (317) 637-2345 | Fax:  (650) 879-1103 |
| Fax:  (317) 637-2369 | |

Attorneys for Plaintiffs

10

**Certificate of Service**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on July 10, 2020, I caused the following document to be served by email via the Court's ECF system a copy of the document entitled – **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SERVE DEFENDANT VICKI NEW BY PUBLICATION OR EMAIL; OR IN THE ALTERNATIVE, TO ENLARGE TIME TO SERVE SUMMONS AND COMPLAINT ON DEFENDANT VICKI NEW** – upon the following attorneys:

Jeff Macey
Macey Swanson
445 N. Pennsylvania Street
Suite 401
Indianapolis, Indiana 46204
Fax:   (317) 637-2369
*jmacey@maceylaw.com*

Crystal S. Wildeman
Wooden McLaughlin LLP
25 NW Riverside Dr., Suite 310
Evansville, IN 47708
Tel: (812) 401-6151
Fax: (812) 401-6444
*crystal.wildeman@woodenlawyers.com*

Jere A. Rosebrock
Wooden McLaughlin LLP
One Indiana Square, Suite 1800
Indianapolis, IN 43204-4208
Jere.rosebrock@woodenlawyers.com


*/s/ Liza Cristol-Deman*

11