**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **FAIR HOUSING CENTER OF CENTRAL INDIANA, INC; and DONATA BANKS,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **VICKI NEW; KIRKPATRICK MANAGEMENT COMPANY, INC.; and TWIN CREEKS HOMEOWNERS ASSOCIATION, INC.,** <br><br> **Defendants.** | ) **Case No.: 1:20-cv-01176 TWP-DLP** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF LIZA CRISTOL-DEMAN IN SUPPORT OF MOTION TO SERVE DEFENDANT VICKI NEW BY PUBLICATION OR EMAIL; OR IN THE ALTERNATIVE, TO ENLARGE TIME TO SERVE SUMMONS AND COMPLAINT ON DEFENDANT VICKI NEW**

I, Liza Cristol-Deman, do hereby declare:

1. I am an attorney licensed to practice law in California and admitted in this district, and I am one of the attorneys of record for plaintiffs in this action. I have personal knowledge of the facts set forth below and if called upon, would and could testify competently to these facts.

2. Together with my co-counsel, I have diligently attempted to serve the summons and complaint on defendant Vicki New.

3. The plaintiffs' complaint against Vicki New, Kirkpatrick Management, and Twin Creeks Homeowners Association was initially filed with HUD on May 31, 2019.  Before filing

1

the complaint with HUD, my office conducted research using online tools to locate Vicki New's residence address. As of April 3, 2019, our online research indicated that Ms. New was living on Roundlake Lane in Whitestown, Indiana, located in Boone County. We were able to confirm that this was the same Vicki New that lived in the Twin Creeks subdivision during the relevant events that gave rise to this case.

4. HUD transferred the complaint to the Indiana Civil Rights Commission (ICRC) for investigation. On March 3, 2020, the ICRC issued a determination of reasonable cause and a charge on behalf of Plaintiffs Donata Banks and Fair Housing Center of Central Indiana (FHCCI). A true and correct copy of each determination is attached hereto as **Exhibits 1 and 2**, respectively.

5. Throughout the ICRC investigation, the address of record for Vicki New was the one on Roundlake Lane in Whitestown, Indiana that we have attempted to use for service in this case.

6. After ICRC issued its reasonable cause determinations, plaintiffs filed their complaint in this court on April 16, 2020. At the request of the ICRC Administrative Law Judge, I filed a copy of the federal complaint with ICRC. I served a copy of this filing containing the federal complaint on all defendants, including Vicki New. I served Ms. New by regular mail on April 20, 2020. I subsequently received the envelope back from the postal service. A true and correct copy of the envelope is attached hereto as **Exhibit 3.** ICRC has since dismissed the administrative proceedings against defendants because plaintiffs opted to pursue their claims before this court.

7.  After filing the federal complaint, my office confirmed Ms. New's residence address

using online research tools and the Boone County Assessor's website. At that time, and again as recently as July 6, 2020, these sources show that Ms. New resides at the same address on Roundlake Lane in Whitestown, Indiana. The property card on file at the Assessor's office indicates that Vicki New and her husband own the single-family home located on Roundlake Lane. A true and correct copy of the property card from the Boone County Assessor is attached hereto as **Exhibit 4**.  Likewise, the sales disclosure on file with the Assessor's office for the Roundlake Lane address indicates that it will be Vicki New's "primary residence." A true and correct copy of the sales disclosure obtained from the Boone County Assessor is attached hereto as **Exhibit 5**.

8. Three days after the court issued the summons in this case, my office dispatched a process server to effect personal service at Ms. New's residence on Roundlake Lane. Between April 24, 2020 and May 29, 2020, a process server visited the house on nine different dates, at various hours between 7:00 a.m. and 9:35 p.m. On each visit, there was no answer at the door. The process server deemed the attempts to serve a failure. A true and correct copy of the Non-Service Report listing each of these attempts is attached as **Exhibit 6**.

9. Plaintiffs have searched online for any other recent residence addresses for Ms. New besides Roundlake Lane, but none have turned up. Online research also has not uncovered any business address or professional licenses held by Ms. New.

10. On April 23, 2020, Ms. New called my office and spoke with my law partner, Christopher Brancart, who was the only person in the office. Ms. New asked for me because I was listed on "one of the papers" she received. Mr. Brancart asked for her

3

email address and her phone number. She provided a phone number and the following email address:  bickijune58@yahoo.com. Mr. Brancart specifically confirmed with Ms. New that the email address was "bickijune58" rather than "vickijune58."

11. On the same date, April 23, 2020, I returned the call from Vicki New at the phone number she had provided to my law partner. I identified myself as the attorney for plaintiffs. Ms. New asked numerous questions about the allegations against her and the role of my firm in the case. She stated that she was "confused by the papers [she] received," or words to that effect. I answered her questions honestly, but told her that I could not provide her with legal advice. I advised her to seek out her own attorney. I also recommended that she submit a claim to her homeowners' insurance.

12. Following my call with Ms. New on April 23, 2020, Ms. New has repeatedly called and left voice mail messages with me, my co-counsel at Macey Swanson LLP, and the Fair Housing Council of Central Indiana (FHCCI). In several of those messages, she has made statements indicating that she has received the complaint but is evading formal service. On June 5, 2020, for example, Ms. New left a voice mail message for FHCCI stating, among other things, that she does not understand "why we are getting all of these notices in the mail, which of course we are not accepting." A true and correct copy of a transcript of that voice mail is attached hereto as **Exhibit 7**.

13.  On June 15, 2020, Ms. New mailed a document to plaintiffs' counsel entitled "Response to the Fair Housing Discrimination Complaint." In that document, which is signed by Vicki New and James New, Ms. New responded generally to the factual allegations made in plaintiffs' complaint, alleges that the plaintiffs have committed perjury, and demands

that all parties and counsel "cease and desist any contact, letters[,] complaints and fraudulent, fictitious, fabricated accusations to or about Jim & Vicki New and that our address will never be posted anywhere." The return address on the envelope is a post office box in Zionsville, Indiana. A true and correct copy of this "Response" and the envelope in which it arrived at my office are attached hereto as **Exhibit 8**.

14. On July 7, 2020, I sent two email messages to Ms. New at the email address she previously provided, "bickijune58@yahoo.com." The subject line of each email was in all capital letters and read "Service of Important Documents." The first email attached the summons, complaint, and all other e-filed documents through Document 10. The second email attached all e-filed documents 11 through 14. True and correct copies of my emails are attached hereto as **Exhibit 9**. To date, I have not received a bounce back message or any other email from Ms. New.

15. I previously emailed Ms. New at the same email address to ask her for consent to receive a copy of the complaint she alleged that she had filed with the Department of Justice. I did not receive a bounce back message or any email in response, but Ms. New did call me to respond to my email. On the same day that I sent the email, May 4, 2020, Ms. New left me a voicemail stating that she would not give consent for me to review the complaint she allegedly filed with the DOJ, and that I should never contact her again. A true and correct copy of this voicemail is attached as **Exhibit 10**.

16. The form of the proposed summons to be published, as required by Indiana Rule of Civil Procedure 4.13, is attached hereto as **Exhibit 11**.

17. On July 6, 2020, I emailed the lead attorney for Defendants Kirkpatrick Management

5

Company, Inc. and Twin Creeks Homeowners Association, Inc., Crystal Wildeman, to advise her that we would be bringing this motion. She responded and stated that these defendants do not oppose this motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10th day of July, 2020.

/s/ Liza Cristol-Deman
Liza Cristol-Deman