**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC; and DONATA BANKS, <br><br> Plaintiff, <br><br> vs. <br><br> VICKI NEW; KIRKPATRICK MANAGEMENT COMPANY, INC.; and TWIN CREEKS HOMEOWNERS ASSOCIATION, INC., <br><br> Defendants. | ) **Case No. 1:20-cv-1176 TWP DLP** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT VICKI NEW'S MOTION TO SET ASIDE DEFAULT**

## I.    INTRODUCTION

This is a housing discrimination case in which plaintiffs allege that

defendants Vicki New, Kirkpatrick Management Company ("Kirkpatrick"), and

Twin Creeks Homeowners Association ("Twin Creeks") violated the federal Fair

Housing Act, the Civil Rights Act of 1866, and related state laws by engaging in

discriminatory housing practices based on race. Kirkpatrick and Twin Creeks filed

timely answers to the complaint on June 18, 2020 (Dkt. 12). On November 4,

2020, the Clerk of the Court entered default against Defendant Vicki New after she

failed to respond to the complaint or make any appearance. (Dkt. 40.) On

December 11, 2020, Vicki New filed a motion seeking to set aside the default.

1

(Dkt. 47.) That motion should be denied in its entirety, because Vicki New cannot meet her burden of demonstrating good cause under Rule 55(c) of the Federal Rules of Civil Procedure. Plaintiffs properly served Vicki New with the summons and complaint at her home address and ensured that she had actual notice of the complaint and the deadline for a responsive pleading before default was entered. Her conduct in avoiding the litigation has been willful, and she failed to take "quick action" to correct the default. Moreover, Vicki New has not presented admissible evidence of a meritorious defense. Last, Vicki New's *pro per* status is no excuse for her failure to respond to the complaint.

## II.  ARGUMENT

### A. The Standard for Setting Aside Default Under FRCP 55(c).

The court has the discretion to set aside the entry of default for "good cause." Fed. R. Civ. P. 55(c). To prevail under this standard, "the defendant must show '(1) good cause for [her] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint.'" *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020), quoting *O'Brien v. R.J. O'Brien & Assoc., Inc.,* 998 F.2d 1394, 1401 (7th Cir. 1993). If any one of the factors militate against setting aside the entry of default, the court need not consider the other two before denying the motion. *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994); *Kennedy v.*

*Michael Lewis Co.*, No. 20 C 948, 2020 WL 5570040 (N.D. Ill. Sept. 17, 2020). In determining good cause, "willfulness is the key inquiry," and the court should only grant relief where the actions leading to the default were borne of "mistake, inadvertence, excusable neglect, newly discovered evidence, [or] fraud." *Mesco Mfg., LLC v. Motorists Mut. Ins. Co.*, No. 119CV04875 JPH-TAB, 2020 WL 6400764, at *2 (S.D. Ind. Oct. 30, 2020).

Defendant Vicki New argues that her motion should be granted because she was "not Notified [of status conference dates] or sent a Notice of Trial." (Dkt. 47 at page 1.) That claim should not be credited, and it does not warrant setting aside the default. Although Vicki New repeatedly evaded service at her residence address, plaintiffs diligently pursued in-person service, successfully served the summons and complaint on September 13, 2020 (*see* Dkt. 36), and took extra steps to ensure that Vicki New received actual notice of the litigation and warnings about default. (*See* the declaration of Liza Cristol-Deman, filed concurrently herewith ["Cristol-Deman Dec."], ¶¶ 3, 5.) Moreover, Vicki New's own communications with plaintiffs' counsel belie her claim that she was not properly notified or did not understand her obligation to respond to the complaint. (*See* the Declaration of Liza Cristol-Deman in support of plaintiffs' motion to serve Vicki New by publication or email, Docket 18.) There is not good cause to set aside the default.

**B. Service of the Summons and Complaint was effective under FRCP 4.**

Rule 4(e)(1) of the Federal Rules of Civil Procedure states that a summons and complaint may be served upon a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(e) also allows the summons and complaint to be served "by delivering a copy of the summons and of the complaint to the individual personally." Fed.R.Civ.P. 4(e)(2)(A). Similarly, Indiana Trial Rule 4.1(A)(3) provides that an individual may be served by leaving a copy of the summons and complaint at his dwelling house or usual place of abode.

Plaintiffs successfully served Vicki New with the summons and complaint at her residence in Whitestown, Indiana on September 13, 2020. (*See* Dkt. 36) The declaration of the process server indicates that a Caucasian woman answered the door at the residence address and identified herself as Vicki New. (*Id.* at page 2.) Ms. New then refused to accept the package of documents from the process server. The process server left the package at the door. (*Id.*) Ms. New has not disputed this account. Nor could she, since she has already admitted that she received them. In the document dated November 10, 2020, filed with the court on November 12, 2020, Ms. New states "copies of the document 'summons in a civil action' was brought to our house by a plain clothed man, no identification and dropped the paper work in our driveway." (Dkt. 47 at page 1.) This constitutes effective

4

personal service under federal and state rules.

In her request to set aside the default, Vicki New does not argue that she was not properly served with the summons and complaint. Nor does she deny that she was aware that the case against her was pending before this court. Instead, Vicki New complains that she was not given "notice of trial." (Dkt. 47 at page 1.)[1] "Notice of trial" is not what triggers a defendant's duty to respond to the allegations in the complaint. Moreover, after evading personal service for several months while repeatedly acknowledging the existence of plaintiffs' complaint in voice mails and phone calls to plaintiffs' counsel, Vicki New cannot be heard to complain that the default should be set aside because she did not receive notice of the action.

### C. Vicki New has engaged in willful and deliberate conduct to avoid participating in the litigation.

Defendant Vicki New simultaneously evaded service and refused mail from counsel, while also barraging plaintiffs' counsel with phone calls claiming that the case was fraudulent and that she was a victim. (Cristol-Deman Dec. ¶ 2.) Her

---

[1] Ms. New references the previous administrative action at the Indiana Civil Rights Commission when she alleges, "The Fair Housing Discrimination Complaint was dated April 3, 2019. This and all other documents received have been just that, complaints. None of the paperwork mentions any court dates or hearing dates." Dkt. 47 at 1.

conduct demonstrates that her default is not the result of mistake, inadvertence, or excusable neglect. Rather, she made a conscious and willful choice to ignore the formal legal proceedings for as long as possible, until after default was entered against her.

### i. Before successful service, Vicki New evaded personal service and refused service by certified mail.

Before Vicki New was successfully served on September 13, 2020, she persistently and willfully evaded service of the summons and complaint for more than four months and refused to accept regular mail and certified mail from plaintiffs' counsel. As set forth in plaintiffs' motion to serve Defendant Vicki New by publication or email, Docket 17, a process server visited the house owned by Vicki New on nine different dates between April 24, 2020 and May 29, 2020, at various hours between 7:00 a.m. and 9:35 p.m. On each visit, there was no answer at the door. (*See* the Declaration of Liza Cristol-Deman in support of plaintiffs' motion, Docket 18, exhibit 1.) Vicki New also refused to sign for the receipt of the summons and complaint served by certified mail, pursuant to Indiana Trial Rule 4.1. (*See* the Declaration of Jeffrey Macey in support of plaintiffs' motion, Docket 19, ¶ 3.) Vicki New also refused to accept copies of the summon and complaint sent to her residence via regular mail as part of serving a filing with the Indiana Civil Rights Commission. (*See* Dkt. 18 at ¶ 6 and Exhibit 3.)

Plaintiffs' counsel also emailed and mailed a letter to Ms. New before requesting entry of default to warn her that she should file a responsive pleading. Ms. New received the email but refused to accept the letter by mail. (Cristol-Deman Dec. ¶ 3.)

The refusal to answer the door for a process server on nine different occasions and the refusal to accept mail from the law firm that Vicki New clearly understood to represent the plaintiffs are not the acts of a careless or negligent party. Rather, they demonstrate that Vicki New was willfully and deliberately attempting to avoid her legal obligations to respond to the allegations against her. Ms. New's willful attempts to evade service do not merit the relief she seeks here. *See, e.g., Mesco Mfg., LLC*, 2020 WL 6400764 (quoting *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)) ("The Seventh Circuit has directed that the 'common thread running through all [default] decisions' is that "judgment should depend largely on the willfulness of the defaulting party's actions.'"); *see also* Indiana Trial Rule 4.16(a) (" It shall be the duty of every person being served under these rules to cooperate, accept service, [and] comply with the provisions of these rules…").

> ### ii. Vicki New has repeatedly contacted plaintiffs' counsel and the parties, acknowledging that she received the complaint.

Any allegation that defendant Vicki New did not receive actual notice of the

summons and complaint, or that she was merely negligent in failing to respond, is belied by her many calls to plaintiffs' counsel and plaintiff Fair Housing Center of Central Indiana since the complaint was filed. In fact, Vicki New's communications demonstrate that she received the summons and complaint long before formal service, and then deliberately evaded process servers and refused certified mail contrary to Indiana Trial Rule 4.16(a).

Following the filing of the complaint in this Court, plaintiffs' counsel mailed courtesy copies of the federal complaint to the Indiana Civil Rights Commission and all respondents in that action, including Vicki New. (Dkt. 18, ¶ 6.) Within days of that courtesy mailing, on April 23, 2020, Ms. New called plaintiffs' counsel's office and asked numerous questions about the allegations against her and the role of plaintiffs' counsel. She stated that she was "confused by the papers she received." Plaintiffs' counsel explained the nature of the lawsuit and the role of counsel, and advised Ms. New to seek her own attorney. (Dkt. 18, ¶ 11.) Plaintiffs' counsel also asked Ms. New for her email address, which she provided willingly. (Dkt. 18, ¶ 10.)

Despite Ms. New's assertion that counsel have blocked her calls or are "very hard to get a hold of," (Dkt. 47 at page 1), plaintiffs' counsel have spoken with Ms. New on numerous occasions since her initial call on April 23, 2020. These interactions, as well as Vicki New's many voicemail messages, have demonstrated

that Vicki New has received pleadings and warnings about default, but purposely evaded formal service for as long as possible. On June 5, 2020, for example, Ms. New left a voice mail message for Plaintiff FHCCI stating, among other things, that she does not understand "why we are getting all of these notices in the mail, which of course we are not accepting." (Dkt. 18, ¶ 12 and Exhibit 7.) In another voicemail, left for plaintiffs' counsel on June 11, 2020, Ms. New stated, "my husband and I are frequently mentioned in this housing discrimination complaint, and this couldn't be any more fraudulent, fictitious or fabricated if I really tried to write a characterization cartoon for Disney." (Dkt. 19, ¶ 5.) In total, Vicki New has left at least 16 voicemail messages for counsel and FHCCI since May 2020 – sometimes more than one per day. (Cristol-Deman Dec. ¶ 2.)

Following the court's entry of default against Vicki New on November 4, 2020, Ms. New again contacted counsel by phone. On November 9, 2020, she spoke with an assistant at Macey Swanson LLP and alleged that the "claims [against her] were false," and that she had moved from Marion County and could not be sued there. (Cristol-Deman Dec. ¶ 4.) On the following day, November 10, 2020, almost two months after she personally received the summons and complaint, Vicki New filed a document with the Court in this case for the first time. (Dkt. 47.) Plaintiffs' counsel then mailed and emailed a letter to Ms. New on November 20, 2020, advising her that she remained in default unless she filed and

9

the Court granted a motion to set aside the default. (Cristol-Deman Dec. ¶ 5 and Exhibit 1.) Plaintiffs' counsel recommended that she retain an attorney through her local Bar Association.  (*Id.*)

After she received that letter, Ms. New called plaintiffs' counsel again. On November 24, 2020, Ms. New called Brancart & Brancart and spoke with a legal assistant. Ms. New threatened to sue counsel and claimed there was no lawsuit pending against her. (Cristol-Deman Dec. ¶ 6.) Most recently, on December 3, 2020, Ms. New called plaintiffs' counsel and spoke with a different legal assistant. She again alleged that she believed the case was "made up" because the law firm was located in California, "where Hollywood is," or words to that effect. The legal assistant advised Ms. New to contact her own attorney or the court with any questions. (Cristol-Deman Dec. ¶ 7.) Vicki New's motion to set aside the default followed approximately one week later. (Dkt. 47.)

### D. Vicki New has not explained her failure to respond.

Vicki New has not explained why she failed to respond to the complaint. Without an explanation that demonstrates good cause for her failure to participate, this Court should not set aside the default. In *Arwa Chiropractic*, for example, the Seventh Circuit held that the District Court abused its discretion when it set aside default against a defendant. *Arwa Chiropractic*, 961 F.3d at 949. Noting that the defendant failed to participate in the case following the class-certification stage and

offered no explanation for its failure, the Seventh Circuit held that there was not good cause to set aside default under Rule 55(c). *Id.*

In her motion, Vicki New claims only that she did not receive a notice of trial or other hearing dates, and that she received the summons and complaint from a "man in plain clothes." (Dkt. 47 at 1.) Even if true, these claims do not invalidate service of the summons and complaint. Nor do they excuse Ms. New's failure to file a responsive pleading. In *O'Brien*, for example, the defendant claimed that it defaulted because it mistakenly believed that it had not been properly served with the complaint since no proof of service had been filed. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d at 1402. Even if that mistaken belief was "honest," according to the Seventh Circuit, it was not necessarily "good cause" for setting aside the default. *Id.* at 1402. Similarly, even if Ms. New believed that further information, such as a "notice of trial," would follow, or perhaps that proper service would come from a uniformed law enforcement officer, those mistaken beliefs do not constitute good cause to set aside the default.

Similarly, in *Acosta v. DT&C Global Management, LLC*, the Seventh Circuit upheld the District Court's refusal to set aside default judgment against a defendant who claimed that his poor health and errant mail forwarding led to his failure to defend. 874 F.23d 557, 560-61 (7th Cir. 2017). Noting that the defendant could have checked the docket to monitor activity in the case, and should have provided

11

notice to the court of his change of address, the Seventh Circuit agreed with the District Court that such factors were insufficient to support the defendant's claim that he had good cause to set aside default judgment under the similar legal standard under Rule 60(b)(1). *See, e.g., Chrysler Credit Corp. v. Macino*, 710 F.2d 363 (7th Cir. 1983) (noting that the two standards are substantially the same).

Defendant Vicki New has not demonstrated that her failure to file a responsive pleading was the result of a mistake, excusable neglect, newly discovered evidence, or fraud. Rather, her statements demonstrate that she has been fully aware of the allegations against her, but made a conscious decision to evade service, refuse mail, and barrage counsel with phone calls rather than filing an answer to the complaint. She made no appearance until default was entered against her. Her conduct should not be rewarded by turning back the clock and allowing her to answer the complaint that was served on her more than four months ago. "A party is not free to ignore a suit, to appear only after he has been defaulted, and to say that the appearance must be treated as timely." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d at 1404, quoting *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987).

### E. Defendant Vicki New has failed to take quick action.

Thirty-seven days, or just over five weeks, elapsed between the date the clerk initially entered default—November 4, 2020—and the date defendant Vicki

New chose to file her motion to set it aside—December 11, 2020. In order to prevail on such a motion, however, the defendant must have taken "quick action" in filing it. *Arwa Chiropractic,* 961 F.3d at 949. Thirty-seven days is not quick. *Kennedy v. Michael Lewis Co.*, No. 20 C 948, 2020 WL 5570040, at *2 (N.D. Ill. Sept. 17, 2020)("five weeks is too long to qualify as quick action"). Even incarcerated individuals should not take "more than a month" to respond to an entry of default, provided that they were made aware of the fact that default had been entered against them. *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). Defendant Vicki New has not been incarcerated, and she was made aware of the entry—both via the service performed by the clerk to her two known addresses (ECF 40) and via a separate letter sent by plaintiffs' counsel (Cristol-Deman Dec. ¶ 5) to both of Vicki New's addresses and via email.

Additionally, Vicki New's motion gives no explanation for why her response to default was delayed; she explains why she did not respond to or participate in *previous* court hearings, but she is silent as to why she failed to respond promptly to the *present* entry of default. When a defendant "provides no explanation for [their] failure to move to set aside the default judgment, [a] six-week delay cannot be considered quick action." *Thomas v. Exxon Mobil Oil Corp.*, No. 07 C 0813, 2007 WL 2274710, at *3 (N.D. Ill. Aug. 1, 2007).

**F.  Defendant Vicki New has not presented the basis for a meritorious**

13

**defense.**

Before setting aside a default, a defendant must also demonstrate that she has a meritorious defense. Although a party does not need to make a definitive showing that the defense will prevail, "more than bare legal conclusions must be provided." *Hadley v. Larson*, No. 3:18-cv-2164-GCS, 2020 WL 4698066 at *1 (S.D. Ill. Aug. 13, 2020) (*citing Acosta v. DT & C Global Management, LLC*, 874 F.3d at 561-562.) Even if the contents of Vicki New's motion are construed charitably, she has not provided any facts that might comprise a meritorious defense. She cites no facts or evidence that refute the allegations in the complaint that she engaged in a campaign of discriminatory harassment and conduct against her neighbors in the Twin Creeks subdivision for more than two years.

Moreover, Ms. New's two legal contentions – statute of limitations and the right to a fair trial – do not form the basis for a meritorious legal defense here. Vicki New's motion cites generically to a "statute of limitations" and asserts, without basis, that the complaint "is past the Statute of Limitations." (Dkt. 47 at page 1.) That assertion is erroneous, because all of plaintiffs' claims were brought within the statute of limitations. The statute of limitations for filing a court action under the Fair Housing Act is two years. 42 U.S.C. § 3613(a)(1)(A). The two-year limitations period is tolled while any administrative action is pending. 42 U.S.C. § 3613(a)(1)(B); *Tabrizi v. Village of Glen Ellyn*, 883 F.2d 587, 593 (7th Cir. 1989).

Here, Defendant Vicki New engaged in discriminatory housing practices that injured plaintiffs Donata Banks and FHCCI as recently as August of 2018. (*See* Complaint; Jury Trial Demand, Dkt. 1, ¶ 21) Both plaintiffs filed a timely administrative complaint with the U.S. Department of Housing and Urban Development (HUD) on May 31, 2019. (*See id.* ¶ 80.) The two-year period for filing a court complaint was tolled between May 31, 2019 and at least March 3, 2020, when the Indiana Civil Rights Commission released its notice of finding and issue of charge. (*Id.* ¶ 81). Likewise, plaintiffs' claims under the Civil Rights Act of 1866, the Indiana Fair Housing Act, intentional infliction of emotional distress, and negligence are all timely within the applicable statutes of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)(applying four-year statute of limitations to claim under 42 U.S.C. § 1981); *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660 (1987)(courts are to borrow and apply "the most appropriate or analogous state statute of limitations" for section 1982 claims); Indiana Code § 22-9.5-7-1(a) and (b) (one-year statute of limitations under the Indiana Fair Housing Act, which is tolled while administrative action is pending); Indiana Code § 34-11-2-4 (two-year statute of limitations for personal injury actions).

Ms. New's assertion that she has been deprived of a fair trial also does not form the basis for a meritorious defense. First, this is a civil case, not a criminal

case. Second, there has been no trial yet. The Court has not adjudicated any of the claims on their merits. Most importantly, critically missing from Vicki New's motion is *how* she would defend the case, or what facts and evidence exist to support her defense. Without demonstrating that she has at least a plausible defense, Ms. New's request to set aside the default is "much too little too late." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990).

### G. Defendant Vicki New's *Pro Per* status is not a valid excuse.

Although not argued in her motion to set aside the default, Vicki New may claim that she is entitled to a second chance because she is unrepresented. That is decidedly not the case. A party who is unrepresented must still comply with the Federal Rules of Civil Procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Moreover, the failure or refusal to comply with the rules, even when a party is unrepresented, "certainly does not rise to the level of excusable neglect" necessary to support a motion to set aside default. *Casio Computer Co. v. Noren*, 35 F. App'x 247, 250 (7th Cir. 2002).

This language in the summons concerning a defendant's obligations are clear and plain. The summons served on Ms. New clearly states that the defendant must serve and file an answer or a Rule 12 motion "[w]ithin 21 days after service of this summons on you (not counting the day you received it)…."  The summons also warns that, "[i]f you fail to respond, judgment by default will be entered against

16

you for the relief demanded in the complaint." (*See* Summons in Civil Action, Dkt. 3.) Ms. New does not explain why she refused to comply with these deadlines.

Plaintiffs' counsel also mailed and emailed warnings to Vicki New about default. (Cristol-Deman Dec. ¶ 3.) Although Ms. New refused the letter sent by mail, she apparently received the warning by email. (*Id.*) Ms. New provides no explanation in her motion of why she failed to heed these warnings.

## III.   CONCLUSION

Defendant Vicki New's motion to set aside the default against her falls far short of showing good cause to set it aside. She has not established that her failure to respond to the complaint was anything other than willful. Nor has she explained the basis for any meritorious defense. Her decision to wait until after default was entered against her – and then for another 37 days – to make any appearance in this case should be rejected as too little, too late.

Dated:   December 28, 2020.

Respectfully submitted,

| | |
|---|---|
| MACEY SWANSON LLP | BRANCART & BRANCART |
| Jeffrey A. Macey | */s/ Liza Cristol-Deman* |
| jmacey@maceylaw.com | Liza Cristol-Deman (CA190516) |
| 445 N. Pennsylvania Street | lcristoldeman@brancart.com |
| Suite 401 | Post Office Box 686 |
| Indianapolis, Indiana 46204 | Pescadero, CA 94060 |
| Tel:   (317) 637-2345 | Tel:   (650) 879-0141 |
| Fax:   (317) 637-2369 | Fax:   (650) 879-1103 |

Attorneys for Plaintiffs

## Certificate of Service

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on December 28, 2020, I caused the following document to be served by email via the Court's ECF system a copy of the document entitled – **PLAINTIFFS' OPPOSITION TO DEFENDANT VICKI NEW'S MOTION TO SET ASIDE DEFAULT**

– upon the following attorneys:

Jeffery A. Macey
Macey Swanson
445 N. Pennsylvania Street
Suite 401
Indianapolis, Indiana 46204
*jmacey@maceylaw.com*

Crystal S. Wildeman
Wooden McLaughlin LLP
25 NW Riverside Dr., Suite 310
Evansville, IN 47708
*crystal.wildeman@woodenlawyers.com*

Jere A. Rosebrock
Wooden McLaughlin LLP
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4208
Jere.rosebrock@woodenlawyers.com

In addition, I caused the same document to be mailed and emailed to the following individual:

Vicki New
3372 Roundlake Ln.
Whitestown, IN 46075

P.O. Box 821
Zionsville, IN 46077
Bickijune58@yahoo.com

*/s/ Liza Cristol-Deman*