**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, and DONATA BANKS | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 1:20-cv-01176-TWP-DLP |
| VICKI NEW, KIRKPATRICK MANAGEMENT COMPANY, INC., and TWIN CREEKS HOMEOWNERS ASSOCIATION, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**ENTRY DENYING PLAINTIFF'S MOTION TO SET ASIDE CLERK'S DEFAULT AND MOTION TO CEASE, DESIST AND DISMISS CASE**

This matter is before the Court on Defendant Vicki New's ("Ms. New") *pro se* Emergency Request to Set Aside Judgment and Dismiss This Case, Award a Protective Order for James and Vicki New, (Dkt. 47), and Motion to Cease and Desist all Communications and Dismiss Case, (Dkt. 57).   For the reasons stated below, Ms. New's Motions are **denied**.

## I.   BACKGROUND

On April 4, 2020, Plaintiffs Fair Housing Center of Central Indiana, Inc. ("Fair Housing") and Donata Banks (collectively, "Plaintiffs",) filed a Complaint against Defendants Vicki New ("Ms. New"), Kirkpatrick Management Company, Inc., and Twin Creeks Homeowners Association, Inc. ("Twin Creeks"), alleging violations of the federal Fair Housing Act, the Civil Rights Act of 1866, and related state law claims. (Dkt. 1.) Defendants Kirkpatrick Management Company, Inc., and Twin Creeks appeared by counsel and timely filed an Answer to the Complaint; however, Ms. New filed nothing.   Plaintiffs allege Ms. New evaded personal service, which prompted them to request and receive an extension of time up to September 15, 2020, to

serve her.   (Dkts. 16, 28, 38 at 1-2.)   On September 13, 2020, a registered process server effected personal service of the Summons and Complaint on Ms. New at a residence located in Whitestown, Indiana.   (Dkt. 36.)   Thereafter, Ms. New acknowledged receipt of the Complaint and Summons on several occasions.   On September 16 and September 17, 2020, Ms. New left voicemail messages with Plaintiffs' counsel stating that she had been "notified," indicated that she had read the Summons and Complaint, she had "reached out and sought counsel," and had retained counsel. (Dkt. 38-1 at 2.)   However, no attorney ever entered a Notice of Appearance on Ms. New's behalf.

Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Ms. New's response to the Complaint was due by October 5, 2020, twenty-one days after the date of service. When nothing was filed, on October 8, 2020, Plaintiffs' counsel mailed a letter and sent an email to Ms. New advising her that her response to the Complaint was overdue, and that Plaintiffs intended to ask the Court to find her in default if she did not file a responsive pleading by October 12, 2020.   (Dkt. 38 at 4, Dkt. 38-1 at 2-3.)   After Ms. New failed to timely answer or otherwise defend the action, on October 13, 2020, Plaintiffs filed a Request for Entry of Default Against Defendant Vicki New. (Dkt. 38). That Motion was granted and a Clerk's default was entered against Ms. New on November 4, 2020.   (Dkt. 40.)   On November 12, 2020, without requesting leave to file a belated pleading, Ms. New filed an Answer to the Complaint.   (Dkt. 42.)   Nearly a month later, on December 11, 2020, Ms. New filed an Emergency Request to Set Aside Default Judgment and Dismiss this Case.   (Dkt. 47.)   Thereafter, Plaintiffs filed a Response in Opposition to Defendant Vicki New's Motion to set Aside Default. (Dkt. 50).

Ms. New filed a Motion to Cease and Desist and Dismiss Case, (Dkt. 57), on January 11, 2021.   She requests that all attorneys and parties stop sending her notice of actions in the case.

2

Specifically, she states "we do not feel there is any need to constantly send out mailing from parties or [a]ttorneys that are not representing us and that we don't know." *Id*. Ms. New concludes by asking the Court to dismiss the case because it is a "frivolous case." *Id*. at 2.

## II.   LEGAL STANDARDS

### A.   Default Judgment

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Federal Rule of Civil Procedure 55(c). Because the Court did not enter a final default judgment, the Rule 55(c) "good cause" standard applies. This Court has broad discretion to set aside a default entry for good cause. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Id.* "While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." *Id.* at 631 (internal citation and quotation marks omitted).

### B.   Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to

3

raise a right to relief above the speculative level."   550 U.S. 544, 555 (2007).   Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient.   *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").   The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.   Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted).   To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## II.   DISCUSSION

The Court will first address Ms. New's request to set aside the Clerk's entry of default before turning to her motion to cease and desist and dismiss this action.   The Court recognizes that in both Motions, Ms. New seeks dismissal of the case; that request will be discussed only in the second motion.

### A.   Setting Aside Default Under Fed. R. Civ. Proc. 55(c)

Although James New is not a party to this action, in her Motion, Ms. New states "James and Vicki" request the Default Judgment be set aside because they were not notified or sent notice of several hearings that have been held in the case, or notice of the upcoming trial date. (Dkt. 42). She alleges the Fair Housing office has refused her telephone calls, that Macey & Swanson have blocked her telephone number, and Brancart & Brancart are located in California and have been

hard to get ahold of.   *Id*.   Ms. New then asserts the statute of limitations on Plaintiff's claims has expired, and asserts that she has a right to a fair trial. *Id*.

Plaintiffs argue that Ms. New's Motion to set aside the Clerk's entry of default should be denied because she has not met her burden of demonstrating good cause. They assert that she was properly served with the summons and Complaint at her home address and Ms. New had actual notice of the deadline for a responsive pleading before default was entered. (Dkt. 50 at 2.) They argue that for several months, Ms. New willfully attempted to avoid the litigation by evading and refusing service, and that once she was served and defaulted, she failed to take "quick action" to correct the default.   Moreover, Plaintiffs assert the Motion should be denied because Ms. New has not presented admissible evidence of a meritorious defense. *Id*. at 3. Plaintiff's also argue that Ms. New's *pro se* status is no excuse for her failure to timely respond to the Complaint.   *Id*.

As an initial matter, the Court agrees that Ms. New's *pro se* status does not automatically entitle her to more lenient treatment in determining whether good cause exists for lifting of the entry of default. In her November 11, 2020 filing, Ms. New admits that she has consulted with counsel as she explains "the statute of limitations is over for this situation, and as my counselor told me" it is "time to turn the page." (Dkt. 42 at 1). It is apparent that Ms. New has elected to represent herself in this matter. The Seventh Circuit has held that a litigant "bears the consequences of errors by its chosen agent."   *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 869 (7th Cir.2007).

The Seventh Circuit has elaborated on what constitutes "good cause," casting it as a process of weighing the equities to each side.   *U.S. v. Di Mucci,* 879 F.2d 1488 (7th Cir.1989).   Good cause is not equivalent to having a good excuse or showing excusable neglect.   *Sims v. EGA Prods., Inc.,* 475 F.3d 865 (7th Cir.2007).   Instead, a court must consider the defaulting party's

actions (*i.e*., did they quickly act to correct the problem, do they have meritorious defenses), and the prejudice to each side.   *Di Mucci,* 879 F.2d at 1495. A party establishes good cause by showing that "it did not willfully ignore the pending litigation but, rather, failed to respond to the summons and complaint through inadvertence." *Cracco*, 559 F.3d at 631.   Good cause is found with an honest mistake, not as the result of willful misconduct, carelessness, or negligence.   *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984).

Regarding good cause, the Plaintiffs argue that Ms. New has provided no explanation of why she missed the October 5, 2020 deadline. They argue her assertions regarding not having notice of hearing dates, are wholly unrelated to the entry of default and do not satisfy the good cause prong.   To the extent that Ms. New is contending that she was unaware of the action or unaware that failure to file a responsive pleading could result in a default judgment, Plaintiffs contend that argument also fails. Plaintiffs explain the evidence shows that they diligently pursued in-person service and successfully served the Summons and Complaint on September 13, 2020, (*see* Dkt. 36), and they took extra steps to ensure that Ms. New received actual notice of the litigation and warnings about default. (*See* the Declaration of Liza Cristol Deman,, Dkt. 38-1 at ¶¶ 3, 5.) Moreover, Ms. New's numerous "communications with plaintiffs' counsel belie her claim that she was not properly notified or did not understand her obligation to respond to the complaint" (Dkt. 50 at 3).   (*See also*, Declaration of Liza Cristol-Deman in Support of Plaintiffs' Motion to serve Vicki New by Publication or Email, (Dkt 18).)

The Court agrees. Ms. New does not explicitly address her failure to timely file an Answer to the Complaint. In support of her Motion to set aside the Clerk's entry of default, she does not deny that she received service of the Summons and Complaint; instead, she argues only that she

6

was not notified of the status conference dates or sent a notice regrading a trial date. (Dkt. 47 at 1.)   These arguments do not address good cause for her failure to respond to the Complaint. And even if Ms. New's failure to respond was due to her mistaken belief that he she did not have to respond by filing a pleading with the court, not knowing the consequence for failing to participate in required proceedings or where to file a responsive pleading does not constitute good cause to ignore required procedures or to not suffer the consequences for choosing not to participate.

There are circumstances when the Court should set aside a default for good cause.   In *Cracco*, the Seventh Circuit affirmed the trial court's decision to set aside a default.   The Seventh Circuit noted that "[the defendant] has shown good cause for the lateness of its answer; it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence."   *Cracco*, 631.   This is in stark contrast to Mr. New's actions and inactions in this case.   Ms. New engaged in several telephone and email communications with Plaintiffs and was advised that she needed to respond to the Complaint to avoid a default, and she even communicated that she had consulted with and retained counsel. She then failed to defend against the action and willfully ignored the pending litigation.   Ms. New has not shown good cause for her failure to timely respond to the Complaint.

Regarding quick action to cure the default, Ms. New moved to set aside the Clerk's entry of default thirty-seven days after it was entered.   Plaintiffs argue that thirty-seven days, or a little over five weeks, is not quick.   *Kennedy v. Michael Lewis Co*., No. 20 C 948, 2020 WL 5570040, at *2 (N.D. Ill. Sept. 17, 2020) ("five weeks is too long to qualify as quick action"). (Dkt. 50 at 13).   Plaintiff's point out that they were entitled to apply for default judgment at the earliest on October 5, 2020.   Instead of applying for default at that time, Plaintiffs directly informed Ms. New

7

that her answer was overdue.   On October 8, 2020, Plaintiff's counsel sent a letter and email to Ms. New advising her that her response to the complaint was overdue, and that Plaintiffs intended to ask the court to find her in default if she did not file a responsive pleading by October 12, 2020. (Dkt. 38-1 at 2).   Ms. New filed a belated Answer on November 12, 2020, (Dkt. 42), but her Motion to set aside the Clerk's default gives no explanation for why her Answer was delayed.   She is silent as to why she failed to promptly move to set aside the Clerk's entry of default.   When a defendant "provides no explanation for [their] failure to move to set aside the default judgment, [a] six week delay cannot be considered quick action."   *Thomas v. Exxon Mobil Oil Corp*., No. 07 C 0813, 2007 WL 2274710, at *3 (N.D. Ill. Aug. 1, 2007).   The Court agrees with Plaintiffs that under the circumstances presented, Ms. New did not act quickly to correct her missteps or the default.

The Court must also consider the merits of Ms. New's defense.   A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis.   *Merrill Lynch Mortgage Corp.,* 908 F.2d at 252; *Breuer Elec. Mfg.,* 687 F.2d at 186.   Although a party does not need to make a definitive showing that the defense will prevail, "more than bare legal conclusions must be provided."   *Hadley v. Larson*, No. 3:18-cv-2164-GCS, 2020 WL 4698066 at *1 (S.D. Ill. Aug. 13, 2020) (citing *Acosta v. DT & C Global Management,* LLC, 874 F.3d at 561, 562.). A meritorious defense is supported by a legal and factual basis, raising serious doubt about the appropriateness of entering a default judgment.   *Richards v. O'Daniel*, No. 3:11-CV-63-RLY, 2012 WL 695820, *3 (S.D. Ind. 2012).   "A defense is meritorious if it is good at law so as to give

8

the fact finder some determination to make.  However, a defendant must allege more than ... bare legal conclusions." *Franklin v. PTS of America, LLC*, No. 08-CV-1264, 2010 WL 582618, *2 (C.D. Ill. 2010).

In her Motion to Set Aside (Dkt. 47) and her Answer (Dkt. 42), Ms. New asserts that this action should be dismissed because the "Statute of Limitations is over " and she has a right to a fair trial. Plaintiffs argue strongly that these assertions do not demonstrate that she has a meritorious defense to the entry of default.  They argue that Ms. New's two legal contentions – statute of limitations and the right to a fair trial – do not form the basis for a meritorious legal defense here.  (Dkt. 50 at 2, 13-15.)  Plaintiffs contend the statute of limitations assertion is erroneous because their claims were brought within the statute of limitations. The statute of limitations for filing a court action under the Fair Housing Act is two years.  42 U.S.C. § 3613(a)(1)(A).  *Id*. at 14. They assert that the two-year limitations period is tolled while any administrative action is pending.  42 U.S.C. § 3613(a)(1)(B); *Tabrizi v. Village of Glen Ellyn*, 883 F.2d 587, 593 (7th Cir. 1989).   Thus, the Complaint filed is within the limitation period.

Moreover, Plaintiffs note that Ms. New has not provided any facts that might comprise a meritorious defense.  She cites no facts or evidence that refute the allegations in the Complaint that she engaged in a campaign of discriminatory harassment and conduct against her neighbors in the Twin Creeks subdivision for more than two years.  (Dkt. 50 at 14.)  The Court has not adjudicated any of the claims on their merits.  Most importantly, critically missing from Ms. New's Motion is how she would defend the case, or what facts and evidence exist to support her defense.  Without demonstrating that she has at least a plausible defense, Ms. New's request to set aside the default is "much too little too late."  *Merrill Lynch* at 252.

Finally, in weighing the prejudice to each side, the Court agrees with the Plaintiffs that Ms. New's actions and inactions have been prejudicial to the Plaintiffs' ability to proceed in the efficient prosecution of its case against her and prejudicial to the Court's orderly administration of its docket. This action was filed on April 16, 2020, and the other Defendants promptly accepted service and the case has proceeded. Here, the circumstances simply do not justify setting aside the entry of Clerk's default. Accordingly, Ms. New's Motion to Set Aside Default Judgment is **denied**.

**B**.      **Motion to Cease and Desist and to Dismiss Case**

In her Motion to Cease and Desist and to Dismiss Case, (Dkt. 57), Ms. New requests that the Plaintiffs refrain from sending her "all communication, letters, documents [or] bulk mail" regarding this case. *Id*. She then asserts that this is a frivolous case and asks that it be dismissed. *Id*. Ms. New is correct that district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to dismiss a complaint if it is frivolous (or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief). *See Denton v. Hernandez,* 504 U.S. 25, 34 (1992). An action is "frivolous where it lacks an arguable basis either in law or in fact." *Denton* 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether the Complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

As noted above, to survive dismissal under federal pleading standards a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face when alleging that a defendant is liable for the misconduct alleged. In their Complaint,

10

Plaintiffs allege that Ms. New engaged in a campaign of discriminatory harassment and conduct against her neighbors in the Twin Creeks subdivision for more than two years.   They have filed federal claims under the Civil Rights Act of 1866 and the Indiana Fair Housing Act, and state court claims of intentional infliction of emotional distress, and negligence.   (Dkt. 1.)   The Court does not find that the claims asserted against Ms. New are frivolous, thus dismissal of Plaintiffs' Complaint on that basis is unwarranted and the motion to dismiss is **denied**.

As for the request that Plaintiff's counsel refrain from sending her any communications, opposing counsel has a duty under the local rules of this court to serve copies of pleadings on opposing parties. Because she is representing herself, counsel must serve her with copies.   The case concerning Ms. New is still active. The entry of a default judgment is a two-step process. If the clerk enters a default, then the plaintiff can move to step two, and ask the Court to grant a default judgment pursuant to Rule 55(b)(2). The entry of a clerks default is a necessary prerequisite for the court to grant a default judgment. *See* 10 *Moore's Federal Practice* §55.10[1], at 55-14 (Matthew Bender 3d ed. 2014). Because a default judgment has not been entered, the Plaintiff's must continue to serve correspondence related to this case, and Ms. New's request that Plaintiffs' "cease and desist" mailing her pleadings, must be **denied**.   However, if Ms. New retains counsel, those pleadings can be served on counsel rather than being mailed directly to Ms. New.

### III.   CONCLUSION

Because Ms. New has not shown good cause to set aside the default, her Motion to Set Aside Default Judgment, Dkt. [47], is **DENIED**.   In addition, for the reasons explained in this Entry, Ms. New's Motion to Cease and Desist and to Dismiss Case, Dkt. [57], is **DENIED**.

**SO ORDERED.**

Date: 1/20/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeffrey A. Macey
MACEY SWANSON LLP
jmacey@maceylaw.com

Liza Cristol Deman
BRANCART & BRANCART
lcristoldeman@brancart.com

Vicki New
5408 Unity Trail
Indianapolis, Indiana   46268

Vicki New
P.O. Box 821
Zionsville, Indiana   46077