**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC., and DONATA BANKS, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 1:20-cv-01176-TWP-DLP |
| VICKI NEW, KIRKPATRICK MANAGEMENT COMPANY, INC., and TWIN CREEKS HOMEOWNERS ASSOCIATION, INC., ) ) ) ) | |
| Defendants. ) | |

**ORDER ON SHOW CAUSE**
**AND ENTRY OF DEFAULT JUDGMENT**

This matter is before the Court on the Order to Show Cause issued on January 21, 2021 in which Defendant Vicki New ("Ms. New") was given until February 12, 2021 to show cause and explain why she should not be held in contempt of court and why sanctions would not be appropriate. ([Filing No. 62](#).)  For the reasons explained below, the Court finds Ms. New in contempt and enters default judgment in favor of the Plaintiffs and against Ms. New.

## I.  DISCUSSION

On April 16, 2020, the Plaintiffs Fair Housing Center of Central Indiana, Inc. ("Fair Housing Center") and Donata Banks ("Banks") (collectively, "Plaintiffs"), filed a Complaint initiating this lawsuit to bring claims against the Defendants Twin Creeks Homeowners Association, Inc. ("HOA"), Kirkpatrick Management Company, Inc. ("Kirkpatrick"), and Ms. New, for violation of the Federal Fair Housing Act, the Indiana Fair Housing Act, and the Federal Civil Rights Act as well as state law claims for negligence and intentional infliction of emotional distress.  ([Filing No. 1](#).)  Within two weeks, on April 29, 2020, the Plaintiffs effectuated service

upon Defendants HOA and Kirkpatrick, (Filing No. 6-1; Filing No. 7-1).  On July 10, 2020, three months after this action was initiated, the Plaintiffs sought leave to effectuate service on Ms. New via publication or email because Ms. New was evading personal and mail service and concealing her whereabouts, yet she had received actual notice of the Complaint.  The Plaintiffs attempted to serve Ms. New using certified mail and in-person service at her valid and current address, and they also emailed all relevant documents to Ms. New at her verified email address, (Filing No. 16 at 1–2). The Court granted the Plaintiffs additional time to effectuate service on Ms. New, (Filing No. 28).

A process server eventually had success effectuating personal service on Ms. New on September 13, 2020, at her personal residence at 3372 Roundlake Lane, Whitestown, Indiana 46075.  The process server noted that "Vicki New opened door, identified herself, but refused the documents.  Drop serve." (Filing No. 36 at 2.)  Thereafter, Ms. New acknowledged receipt of the Complaint and Summons on several occasions in the record.

The docket indicates that Ms. New refused to participate in discovery.  She also did not file an answer to the Complaint.  The Plaintiffs moved for a Clerk's Entry of Default against Ms. New on October 13, 2020, (Filing No. 38). On November 4, 2020, "[b]ased on the failure of Defendant Vicki New to appear and file any pleading in response to the complaint in this matter within the time accorded by law, and good cause appearing therefore, the Clerk of the Court [entered] default against Defendant Vicki New."  (Filing No. 40.)  The Clerk's Default was sent to Ms. New at her Roundlake Lane residence in Whitestown as well as her post office box in Zionsville, Indiana.  On November 13, 2020, Ms. New refused to accept the Clerk's Default at her residence, so it was "returned to sender."  (Filing No. 43.)

On December 11, 2020, Ms. New filed "An Emergency Request to Set Aside Judgment and Dismiss this Case [and] Award a Protective Order for James & Vicki New." (Filing No. 47.) One month later, on January 11, 2021, Ms. New filed a motion to "Cease and Desist All Communications [and] Dismiss this Case." (Filing No. 57.) These two "motions" were denied on January 20, 2021, because Ms. New failed to show good cause for setting aside the Clerk's Default, and dismissal was not warranted, (Filing No. 59).

Also on January 20, 2021, the Magistrate Judge held a telephonic status conference with the parties. "Vicki New's behavior was disrespectful and disruptive to the Court and Counsel participating in the conference. While the Court proceeding was ongoing [ ], Ms. New terminated herself from the conference." (Filing No. 61 at 1.)

An Order to Show Cause was issued the following day. The Order noted,

> Ms. New's behavior was disrespectful, rude, and disruptive. During the Court's questioning of Ms. New regarding discovery, Ms. New became belligerent and disrespectful. She appeared to suggest that she was not obligated to follow the rules of discovery because her motion to dismiss was pending. After repeated requests for her not to interrupt, the Court suggested that a show cause order could be issued for Ms. New to which Ms. New responded that the Court lacked the authority to issue a show cause order. While the Court hearing was still going, Ms. New terminated herself from the conference.

(Filing No. 62 at 1–2.) This Order informed Ms. New that sanctions, including default judgment, could be levied against her if she continued to fail to participate in the case, failed to participate in discovery, and continued to act in a disrespectful and disruptive manner. The Order to Show Cause ordered Ms. New to respond by February 12, 2021. *Id.* at 2–3.

On January 27, 2021, rather than responding to the Order to Show Cause, Ms. New filed a notice regarding the telephonic status conference wherein she stated, "[t]o put it blatantly[,] I am appalled and ashamed and embarrassed at the actions of these parties who were on the phone," and then she accused plaintiff's counsel of lying to the Court. (Filing No. 63 at 1.) She refused to

3

acknowledge and accept responsibility for her disrespectful and disruptive behavior. She explained that she would no longer accept any "mailings" because this case is frivolous. *Id.* at 2. Thereafter, numerous court Orders that were sent to Ms. New were "returned to sender; refused" thus several mailings from the Court were undeliverable (*see* Filing No. 66; Filing No. 67; Filing No. 69; Filing No. 73; Filing No. 74; Filing No. 75; Filing No. 77; Filing No. 79).

After refusing to receive three of the Court's Orders, Ms. New submitted eighty pages of exhibits and asserted, "[t]o our knowledge and belief this court is in contempt for not following Court room rules and procedures." (Filing No. 71 at 1.) Thereafter, Ms. New refused to receive five more Court Orders. To date, she has failed to respond to the Order to Show Cause.

In the Order to Show Cause, the Court informed Ms. New,

> "District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186, (2017) (internal citations omitted)). Refusal to participate in discovery and disrespectful, rude, and disruptive behavior cannot be tolerated.

(Filing No. 62 at 2.)

The Court also warned Ms. New that "[c]ourts traditionally have broad authority through means other than contempt—such as by . . . entering default judgment—to penalize a party's failure to comply with the rules of conduct governing the litigation process." *Int'l Union v. Bagwell*, 512 U.S. 821, 833 (1994). "[P]ursuant to this power, a court may impose the severe sanction of dismissal with prejudice (or its equivalent, judgment) if the circumstances so warrant." *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993).

Pursuant to the Court's inherent authority, the Court finds that Ms. New has failed to show cause and concludes that her conduct warrants entry of default judgment against her. The docket

4

and filings in this matter plainly reflect Ms. New's brazen refusal to participate in the case, fulfill her discovery obligations, submit responsive filings, respond to the Order to Show Cause, and conduct herself in a respectful and cooperative manner.

## II. CONCLUSION

For the reasons stated above, the Court determines that Ms. New has failed to show cause and **ENTERS DEFAULT JUDGMENT against Defendant Vicki New** on each of the claims asserted against her in the Plaintiffs' Complaint. This proceeding is ongoing. Thus, the appropriate amount of damage, if any, to be assessed against Ms. New will be determined at a later date.

**SO ORDERED.**

Date: 4/5/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Liza Cristol Deman
BRANCART & BRANCART
lcristoldeman@brancart.com

Jeffrey A. Macey
MACEY SWANSON LLP
jmacey@maceylaw.com

Vicki New
P.O. Box 821
Zionsville, Indiana  46077

Jere A. Rosebrock
DINSMORE & SHOHL LLP
jere.rosebrock@dinsmore.com

Crystal Spivey Wildeman
DINSMORE & SHOHL LLP
crystal.wildeman@dinsmore.com