UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC; and DONATA BANKS,<br><br>  Plaintiff,<br><br>vs.<br><br>VICKI NEW; KIRKPATRICK MANAGEMENT COMPANY, INC.; and TWIN CREEKS HOMEOWNERS ASSOCIATION, INC.,<br><br>  Defendants. | Case No.  1:20-cv-1176 TWP DLP |

**PLAINTIFFS' OPPOSITION TO DEFENDANT VICKI NEW'S MOTION TO RECONSIDER OR SET ASIDE JUDGMENT (DOCS. 166, 167, 172)**

## I.   INTRODUCTION

This housing discrimination case was closed by the Court on June 16, 2022, following a settlement between plaintiffs and two defendants, and entry of default judgment against the third defendant, Vicki New. Following default judgment, plaintiffs sought to collect the judgment owed by Vicki New. Shortly after plaintiffs' collection attorney began enforcement proceedings in Boone County Superior Court and served Ms. New with an order to appear, Vicki New filed documents in this Court seeking reconsideration of the judgment entered against her. Because she has no legitimate basis on which to set aside the judgment under Rule 60 of the Federal Rules of Civil Procedure, and has repeatedly engaged in

1

willful misconduct and obfuscation in these court proceedings, the Court should deny her motion.

## II. BRIEF SUMMARY OF PROCEDURAL HISTORY LEADING TO DEFAULT AND DEFAULT JUDGMENT

Vicki New's conduct during the litigation has followed a pattern: first, avoid or ignore personal service and mail correspondence; second, feign ignorance, lack of notice, and innocence when repercussions follow. Ms. New's latest motion is another example of the same pattern of conduct.

Vicki New repeatedly harassed, taunted, and assaulted her neighbors in the Twin Creeks neighborhood based on their race and national origin, in violation of the Fair Housing Act, the Civil Rights Act of 1866, and related state laws. (*See generally* Complaint; Jury Trial Demand, Dkt. 1.) For five months, plaintiffs attempted to effect personal service of the summons and complaint at Ms. New's residence address in Whitestown without success.  (See Dkt. 16, 28.) On September 13, 2020, a registered process server succeeded in hand delivering the summons and complaint to Ms. New at the same address. (Dkt. 36.) Ms. New acknowledged by phone that she received the summons and complaint and told plaintiff Fair Housing Center of Central Indiana that she was retaining counsel. (See Dkt. 38-1 at ¶¶ 5-8.) She did not, however, file any responsive pleading before the deadline. (Dkt. 38) Plaintiff's counsel sent her letters and emails warning of default, but Ms. New still did not respond. (See Dkt. 38-1 at ¶ 9.) As a

result, on November 4, 2020, the Clerk of the Court entered default against Vicki New. (Dkt. 40.) On November 12, 2020, Ms. New, representing herself, filed a belated Answer to the complaint. (Dkt. 42)

On December 11, 2020, Vicki New filed a motion seeking to set aside the default. (Dkt. 47.) While that motion was pending, Vicki New filed a motion asking the court to dismiss the case and for plaintiffs and their legal representatives to "cease and desist" from all communications with her. (Dkt. 57.) In her motions, Vicki New claimed that she and her husband (a non-party) were "not Notified," and that she had not had the opportunity to be heard. (See Dkt. 47 at 1.) She also claimed the case was "frivolous" and that she was the true victim. (See Dkt. 57.) This Court denied Vicki New's motions on January 20, 2021, finding that Ms. New's own statements demonstrated that she was properly served with the summons and complaint and had not established "good cause" for failing to file a timely response. (Dkt. 59 at 6-7). The Court also found that plaintiffs' claims were not frivolous, and Ms. New failed to establish any meritorious defense. (Dkt. 59 at 9,11.)

Vicki New's pattern of willful misconduct continued. On January 20, 2021, Ms. New participated in a status conference by phone with the Court and counsel for the other parties. Both Magistrate Judge Pryor and this Court found that Vicki New's conduct during that conference was "disrespectful" and "disruptive." (Dkts.

3

61 and 62.) As a consequence of her conduct, the Court issued an order to show cause. (Dkt. 82.) Ms. New's belligerence continued in her letter to the Court filed on January 27, 2021, in which she stated that she "will no longer be accepting any mailings from ANY of the parties concerned with this Frivolous Case." (Dkt. 63 at 2.) Indeed, all mail sent to Ms. New thereafter (and some mail sent before that date) was "refused" and returned. (*See, e.g.,* Dkts. 67, 69, 77, 79; Declaration of Liza Cristol-Deman, filed herewith, ["Cristol-Deman Dec."], ¶ 2.)

On April 5, 2021, the Court issued an order on show cause and entered default judgment against Vicki New in favor of plaintiffs, leaving the amount of damages to be determined at a later date. (See Dkt. 82 at 5.) Following entry of judgment, Plaintiffs continued to serve Vicki New at her residence address with all case-related pleadings, and she continued to refuse and return that mail. (Cristol-Deman Dec. ¶ 2.)

On March 3, 2022, plaintiffs settled their claims against the other two defendants in this matter. (See Dkt. 144.) On May 27, 2022, plaintiffs filed an unopposed motion seeking damages and other relief against Vicki New. (Dkt. 152, 153.) Plaintiffs served that motion on Vicki New by mail at her residence address. (Dkt. 157, 161-1). Vicki New refused and returned that mail. (Cristol-Deman Dec. ¶ 3 and Exhibit 1 thereto.) The Court granted plaintiffs' motion and entered default judgment against Vicki New on June 16, 2022. (Dkt. 162.)

4

In August 2022, plaintiffs retained new counsel, Joseph Mulvey, to assist in collecting the judgment from Vicki New. (Cristol-Deman Dec. ¶ 4.) On August 30, 2022, Mr. Mulvey prepared a filed a judgment affidavit, notice of filing of foreign judgment, and related documents with the Boone County Superior Court, the county in which Ms. New owns real property. (Cristol-Deman Dec. ¶ 4 and Exhibit 2.) Mr. Mulvey served these documents on Vicki New by regular mail and certified mail at her residence address. (Cristol-Deman Dec. ¶ 5 and Exhibit 3.) Ms. New refused and returned both mailings to Mr. Mulvey. (*Id.*) Next, the Boone County Court issued an order to appear at a hearing to take place on October 28, 2022. The court's docket shows that, before the hearing, Ms. New contacted the court clerk by phone, was advised of the hearing date and time, and refused to verify her address. (Cristol-Deman Dec. ¶ 8.) A Sheriff's deputy personally served the order to appear on Ms. New at her residence on September 23, 2022. (*Id.* ¶ 9.) Nevertheless, Ms. New failed to appear at the hearing. (*Id.*)

At around the time that she was served with the order to appear, Ms. New filed for relief from default in this Court. On September 26, 2022, and again on October 12, 2022, this Court docketed her request to reconsider the judgment (Dkt. 166 and identical request at Dkt. 172). On September 27, 2022, the Court docketed a letter from New attaching a copy of the Boone County Order to Appear. (Dkt. 167.) Ms. New writes, *inter alia,* that she and her husband are "not inclined to be

dictated to or ordered to [sic] from either of these courts until you involve us and allow us our Constitutional Civil Rights in a Fair Hearing and we have an Attorney who wants to represent us." (Dkt. 167 at 2.)

### III. ARGUMENT

As the case history demonstrates, Vicki New has repeatedly and knowingly avoided her obligations in these court proceedings, and has behaved rudely toward the court and counsel. Her previous conduct resulted in a well-reasoned order granting default judgment against her. Consistent with her previous pattern, she has resurfaced again to seek relief now that plaintiffs seek to enforce the judgment. If the Court grants her motion, the same cycle – avoidance, misconduct, and evasion of accountability – will continue.

### A. Vicki New's motion to reconsider the judgment should be denied for lack of good cause under Rule 60.

Ms. New has not established any basis on which default judgment should be set aside. The standards for setting aside a final judgment such as the order entering default judgment against Vicki New are set forth in Rule 60 (b) of the Federal Rules of Civil Procedure. Rule 60 sets forth six possible grounds for relief from a final judgment:

"(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not

have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60 (b). A defendant who was never personally notified of the action may also seek relief from a lien under 28 U.S.C. § 1655. Fed. R. Civ. P. 60 (d) (2).

The Seventh Circuit has held that the standards for setting aside a default judgment under Rule 60 are similar to those applied under Rule 55(c) to set aside a default before the entry of judgment. *United States v. Di Mucci*, 879 F.2d 1488, 1493 n9, 1495 (7th Cir. 1989). In general, a moving party must show "good cause" under either rule. But the good cause standard imposes a higher bar to the moving party on motion like the one at bar, after judgment is entered. *Id.* at 1495 ("The test is the same for relief under either Rule 55(c) or Rule 60(b), but is more liberally applied in the Rule 55(c) context.").

This Court has already ruled that Ms. New lacked good cause for relief from default under Rule 55. (Dkt. 59.) As the Court held in its Order, good cause is not

7

the same as having a good excuse or negligence. Instead, the court evaluates defendant's actions, such as whether the moving party acted quickly to correct the problem, whether they have a meritorious defense, and prejudice to the parties. An "honest mistake" can support a finding of good cause, but willful misconduct cannot. (Dkt. 59, citing *U.S. v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989), *Sims v. EGA Prods., Inc.*, 475 F.3d 865 (7th Cir. 2007), and *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984).)

A Rule 60 motion need not be granted when "the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and [expedition] prescribed by the trial court." *C.K.S. Engineers, Inc.,* 726 F.2d at 1205. The procedural history here shows that Vicki New made a conscious decision to ignore the litigation. Despite plaintiffs' counsel's and the Court's diligent service of documents to keep Vicki New apprised of court proceedings, Vicki New ignored and refused all mail from plaintiffs' counsel beginning in October 2020. (Cristol-Deman Dec. ¶ 2.) She admits that she continues to reside at the same residence in Whitestown (Dkt. 166 at 1) that plaintiffs' counsel has used for service. Her own conduct demonstrates that default is not the result of an honest mistake that was out of her control. As the Seventh Circuit has held, "[a] party is not free to ignore a suit, to appear only after he has been defaulted, and to say that the appearance must be treated as timely." *O'Brien v. R.J. O'Brien &*

*Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993), quoting *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987).

Vicki New has claimed that she closed her post office box, and did not receive mail from the court due to problems with the local post office. (Dkt. 167 at 1.) This claim should not be credited. Vicki New is to blame for closing the box used for court correspondence and failing to advise the court of any new address. She is also to blame for failing to follow the case progress on PACER. Her conduct demonstrates that she made a conscious decision to ignore all case-related service, regardless of where it was delivered. It was within her control to stay apprised of the case proceedings, but she failed to do so.

Vicki New has also asked the court to excuse her conduct because she has Celiac Disease and other medical conditions. (Dkt. 167 at 2.) These medical problems, however, do not constitute a legitimate excuse for deliberately refusing case-related mail and court-imposed deadlines.

Vicki New's excuses here are very similar to the excuses rejected by the Seventh Circuit in *Acosta v. DT&C Global Management, LLC*, 874 F.23d 557, 560-61 (7th Cir. 2017). In that case, the court rejected the defendant's claim that his failure to defend the case was justified by his poor health and errant mail forwarding. 874 F.23d 557, 560-61 (7th Cir. 2017). Noting that the defendant could have checked the docket to monitor activity in the case, and should have provided

9

notice to the court of his change of address, the Seventh Circuit agreed with the District Court that such facts were insufficient to support the defendant's claim that he had good cause to set aside default judgment Rule 60(b)(1). Vicki New's similar excuses do not constitute good cause here either.

Vicki New also has not established good cause because she has not alleged any facts or provided any evidence that she could mount a viable defense. As with her previous motions, Vicki New claims that she is the victim. She denies harassing her neighbors, and alleges that "since this incident" she has been harassed by unnamed parties, by plaintiffs' counsel, and by a "lynch mob" led by an Indianapolis Police Department officer. (Dkt. 166 at 1-2.) Those allegations lack any basis in fact and are utterly devoid of corroboration. Nor do they refute the testimony of six neighbors, each of whom submitted deposition testimony or declarations stating under penalty of perjury that Vicki New engaged in a two-year long campaign of racial harassment, including the use of racist slurs and threats recorded on video. (See Dkt. 108 and Exhibits 1-5, 9 attached thereto.)

Vicki New misleads this Court when she asserts that the criminal case against her, which she refers to as Case No. 49G08-1808-CM-029208, should have some influence over the court's decision. (Dkt. 166 at 2.) First, she incorrectly assumes that the civil action was based on the facts alleged in the criminal action. In fact, the civil complaint in this action alleges a long course of Vicki New's

discriminatory conduct toward her neighbors in Twin Creeks. The criminal complaint was based solely on one incident in which Vicki New assaulted her Latino neighbor. Second, Vicki New asserts that the criminal case was "dismissed and [is] no longer relevant." (Dkt. 166 at 2.) This is misleading at best. The criminal action was not dismissed because Vicki New was exonerated of the charge of assaulting her neighbor. Instead, it was dismissed as a result of a diversion agreement signed in 2019. (Cristol-Deman Dec. ¶ 10 and Exh. 4.) In any event, the criminal action played no role in the order entering default judgment, and it should not play any role in the court's decision now.

    **B.    Vicki New has not cured the conduct that led to default.**

Vicki New' conduct demonstrates a clear pattern of willful conduct to avoid accountability for her actions, and that pattern continues. This is a sufficient basis on which to deny her motion. A party who fails to participate and abide by court-ordered rules and deadlines is not entitled to have default judgment set aside – even with good cause – unless she has cured her own previous misconduct that led to default. *Tolliver v. Northrop. Corp.,* 786 F.2d 316, 319 (7th Cir. 1986). Vicki New has not changed her conduct to become an active and civil participant in this case if default judgment is set aside.

Vicki New has failed to accept any responsibility for her disruptive behavior during the one court appearance she made in this matter. (*See* Dkt. 82 at 4.) She

also continues to refuse and return all case-related correspondence mailed to her, demonstrating that she defiantly chooses to ignore and avoid the legal proceedings. Her motion explicitly states that she will not "be dictated to or ordered" by the Court until "we have an Attorney who wants to represent us." (Dkt. 167 at 2.) Because she remains defiant, unapologetic, and unwilling to change her own conduct that led to default, her motion must be denied. *Tolliver,* 786 F.2d at 319.

## IV. CONCLUSION

Defendant Vicki New's motion to reconsider default judgment must fail, because Vicki New is the only one to blame for the judgment entered against her. She has erred by willfully and consciously ignoring court proceedings for more than two years, and then complaining when legal consequences follow from her own conduct. She has not changed the conduct that led to default. The cycle of misconduct will only continue if the court grants her motion.

Dated:   November 7, 2022.

Respectfully submitted,

| | |
|---|---|
| MACEY SWANSON LLP | BRANCART & BRANCART |
|   Jeffrey A. Macey | */s/ Liza Cristol-Deman* |
|   jmacey@maceylaw.com |    Liza Cristol-Deman (CA190516) |
| 445 N. Pennsylvania Street |    lcristoldeman@brancart.com |
| Suite 401 | Post Office Box 686 |
| Indianapolis, Indiana 46204 | Pescadero, CA 94060 |
| Tel:   (317) 637-2345 | Tel:   (650) 879-0141 |
| Fax:  (317) 637-2369 | Fax:  (650) 879-1103 |

Attorneys for Plaintiffs

## Certificate of Service

  Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on November 7, 2022, I caused the following document to be served by email via the Court's ECF system a copy of the document entitled – **PLAINTIFFS' OPPOSITION TO DEFENDANT VICKI NEW'S MOTION TO RECONSIDER OR SET ASIDE JUDGMENT (DOCS. 166, 167, 172)**

– upon the following attorneys:

Jeffery A. Macey
Macey Swanson
445 N. Pennsylvania Street
Suite 401
Indianapolis, Indiana 46204
*jmacey@maceylaw.com*

Crystal S. Wildeman
Greg J. Freyberger
Barber & Bauer, LLP
124 SE 1st Street, Suite 101
Evansville, IN 47708
*Wildeman@barlegal.net*
*Greg@barlegal.net*

  In addition, I caused the same documents to be mailed to the following individual:

Vicki New
3372 Roundlake Ln.
Whitestown, IN 46075

            */s/ Liza Cristol-Deman*