**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC; and DONATA BANKS, <br><br> Plaintiff, <br><br> vs. <br><br> VICKI NEW; KIRKPATRICK MANAGEMENT COMPANY, INC.; and TWIN CREEKS HOMEOWNERS ASSOCIATION, INC., <br><br> Defendants. | ) Case No.  1:20-cv-1176 TWP TAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT VICKI NEW'S MOTION
TO SET ASIDE JUDGMENT (DOC. 176)**

On January 10, 2023, Defendant Vicki New filed another motion to set aside the judgment entered against her on April 5, 2021 at Document 82. (Doc. 176) The Court has not ruled on her first motion, which plaintiffs opposed on November 7, 2022. (Doc. 173.) Ms. New's second motion, Doc. 176, is founded on her incorrect assertion that a private process server seeking to serve her with collection-related order from Boone County Circuit Court constitutes harassment. Her assertion is not only incorrect; it does not serve as any basis on which to set aside the judgment entered against her in this case under Rule 60 of the Federal Rules of Civil Procedure. Accordingly, Vicki New's second motion, just like her first motion, should be denied in its entirety.

1

Plaintiffs previously provided a summary of facts and procedural history in their opposition to Ms. New's first motion to set aside the judgment, which covered her conduct in the underlying federal litigation and collection proceedings in Boone County through November 7, 2022. (See Doc. 173 at pp. 2-6.) At that time, Ms. New had been served with documents setting a hearing in Boone County in an action to collect the judgment filed by plaintiffs' collection attorney, but New had failed to appear. (*Id.* at 5.)

The only new basis that Ms. New alleges in her second motion to set aside the Fair Housing Act judgment is that process servers who are not Whitestown Police Department officers have come to her house seeking to serve documents related to the Boone County judgment collection action. (Doc. 176 at 1-2.) But the validity and identity of process servers seeking to deliver papers to Ms. New regarding the Circuit Court collection action do not constitute good cause to set aside the federal Fair Housing Act judgment in the underlying action pursuant to Rule 60 of the Federal Rules of Civil Procedure.

Rule 60(b) identifies six possible bases for relief from a judgment:

> "(1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is

2

>based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>    (6) any other reason that justifies relief."

None of these factors apply here. Ms. New's motion sets forth neither evidence nor argument that the default judgment was the result of inadvertence or excusable neglect. Nor could she. Her willfully obstinate conduct throughout the litigation demonstrate that she was aware of the lawsuit and her obligation to participate, but deliberately chose to ignore the proceedings. (See ECF 173 at 6-11.) Likewise, there is neither new evidence nor any evidence of fraud that would cast doubt on the validity of the Fair Housing Act judgment. The judgment is not void, and it has not been satisfied. No other reasons – including Ms. New's desire to avoid private process servers – justify the relief she seeks.

Since November 2022, Ms. New has continued to avoid her obligations to appear before the Boone County Circuit Court. On December 16, 2022, Ms. New failed to appear at a hearing to show cause, which was scheduled as a consequence of her previous failure to appear for a Proceedings Supplemental hearing. (See the declaration of Liza Cristol-Deman, filed herewith ["Cristol-Deman Dec."], at ¶ 3, and Exhibit 1 thereto.) On December 20, 2022, the Circuit Court ordered Ms. New to appear to show cause as to why she should not be "attached and punished for contempt" for disobeying the court's previous orders to appear. (Cristol-Deman Dec. ¶ 4 and Exh. 2 thereto.) That contempt hearing is scheduled for Friday,

January 27, 2023. The Circuit Court's order directs service on Vicki New by "private process service." (*Id.*) Accordingly, the private process server who attempted to serve Vicki New with the Boone County order was acting in accordance with the court's direction. (See Cristol-Deman Dec. ¶ 5 and Exh. 3 thereto.) Ms. New's complaint about being visited by that private process server, misguided though it may be, should be addressed to the Boone County Superior Court that issued the order – not this Court.

    Last, Ms. New has continually claimed that the judgment in this Fair Housing Act case was unfair and that she had no opportunity to defend herself. (Doc. 176 at 1.) Those claims should be flatly rejected now just as they have been by the Court when the case was pending. (*See, e.g,* Doc. 59, 162.) Ms. New was personally served with the complaint on September 13, 2020. (Doc. 36.) She corresponded with the parties and counsel by phone, filed documents in the case (*e.g.,* Doc. 47), and made at least one court appearance that the court labeled "disrespectful and disruptive." (Docs. 61-62.) Starting in October 2020, within two weeks of when she was legally served with the summons and complaint, Ms. New began to refuse and return all mail that counsel's office sent to her address of record, including service copies of important documents. (See Doc. 174 at ¶ 2-3.) Ms. New also routinely refused and returned mail sent to her from the Court. (*See e.g,* Docs. 67, 69, 77, 79.) Ms. New's conduct shows that she made a deliberate

4

choice to ignore much of the proceedings in a misguided belief that doing so would help her escape liability. The law is clear that such deliberate misconduct must not be rewarded. As the Seventh Circuit has held, "[a] party is not free to ignore a suit, to appear only after he has been defaulted, and to say that the appearance must be treated as timely." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993), quoting *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987); *accord Acosta v. DT&C Global Management, LLC*, 874 F.23d 557, 560-61 (7th Cir. 2017).

For all of the reasons set forth above, and in plaintiffs' opposition to defendant Vicki New's motion to reconsider or set aside judgment (Doc. 173), plaintiffs request that the Court deny all of Ms. New's various requests and motions to reconsider or set aside the judgment – Documents 166, 167, 172, and 176.

Dated:   January 23, 2023.

Respectfully submitted,

| | |
|---|---|
| MACEY SWANSON LLP<br>  Jeffrey A. Macey<br>   jmacey@maceylaw.com<br>445 N. Pennsylvania Street<br>Suite 401<br>Indianapolis, Indiana 46204<br>Tel:   (317) 637-2345<br>Fax:  (317) 637-2369 | BRANCART & BRANCART<br>*/s/ Liza Cristol-Deman*<br>   Liza Cristol-Deman (CA190516)<br>    lcristoldeman@brancart.com<br>Post Office Box 686<br>Pescadero, CA 94060<br>Tel:  (650) 879-0141<br>Fax: (650) 879-1103 |

Attorneys for Plaintiffs

## Certificate of Service

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on January 23, 2023, I caused the following document to be served by email via the Court's ECF system a copy of the document entitled – **PLAINTIFFS' OPPOSITION TO DEFENDANT VICKI NEW'S SECOND MOTION TO SET ASIDE JUDGMENT (DOC. 176)**

– upon the following attorneys:

Jeffery A. Macey  
Macey Swanson  
445 N. Pennsylvania Street  
Suite 401  
Indianapolis, Indiana 46204  
*jmacey@maceylaw.com*

Crystal S. Wildeman  
Greg J. Freyberger  
Barber & Bauer, LLP  
124 SE 1st Street, Suite 101  
Evansville, IN 47708  
*Wildeman@barlegal.net*  
*Greg@barlegal.net*

In addition, I caused the same documents to be mailed to the following individual:

Vicki New  
3372 Roundlake Ln.  
Whitestown, IN 46075

*/s/ Liza Cristol-Deman*