UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC., and DONATA BANKS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:20-cv-01176-TWP-TAB ) |
| VICKI NEW, | ) ) ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTIONS FOR RECONSIDERATION**

This matter is before the Court three duplicative Motions for Reconsideration (Filing No. 166; Filing No. 172; Filing No. 176) filed by *pro se* Defendant Vicki New ("Ms. New"). On November 4, 2020, a Clerk's Entry of Default was entered against Ms. New (Filing No. 40), and on April 5, 2021, Default Judgment was entered (Filing No. 82). Then on June 16, 2022, the Court entered an Order awarding damages against Ms. New and closing this case (Filing No. 162). Thereafter, Ms. New filed her three duplicative Motions for Reconsideration on September 26, 2022 (Filing No. 166), on October 12, 2022 (Filing No. 172), and on January 9, 2023 (Filing No. 176). For the following reasons, the Court **denies** the Motions for Reconsideration.

**I.     BACKGROUND**

On April 16, 2020, the Plaintiffs Fair Housing Center of Central Indiana, Inc. ("Fair Housing Center") and Donata Banks ("Banks") (collectively, "Plaintiffs") filed a Complaint initiating this lawsuit to bring claims against the Defendants Twin Creeks Homeowners Association, Inc. (the "HOA"), Kirkpatrick Management Company, Inc. ("Kirkpatrick"), and Ms. New for violation of the Federal Fair Housing Act, the Indiana Fair Housing Act, and the Federal Civil Rights Act as well as state law claims for negligence and intentional infliction of emotional

distress (Filing No. 1). Within two weeks, on April 29, 2020, the Plaintiffs effectuated service upon Defendants HOA and Kirkpatrick (Filing No. 6-1; Filing No. 7-1). On July 10, 2020, three months after this action was initiated, the Plaintiffs sought leave to effectuate service on Ms. New via publication or email because Ms. New was evading personal and mail service and concealing her whereabouts, yet there was substantial evidence that Ms. New had received actual notice of the Complaint. The Plaintiffs attempted to serve Ms. New using certified mail and in-person service at her valid and current address, and they also emailed all relevant documents to Ms. New at her verified email address (Filing No. 16 at 1–2). The Court granted the Plaintiffs additional time to effectuate service on Ms. New (Filing No. 28).

On September 13, 2020, a process server eventually had success effectuating personal service on Ms. New at her personal residence, 3372 Roundlake Lane, Whitestown, Indiana 46075. The process server noted that "Vicki New opened the door, identified herself, but refused the documents. Drop serve." (Filing No. 36 at 2.) Thereafter, Ms. New acknowledged receipt of the Complaint and Summons on several occasions in the record.

The docket indicates that Ms. New refused to participate in discovery and failed to file a timely Answer to the Complaint.

The Plaintiffs moved for a Clerk's Entry of Default against Ms. New on October 13, 2020 (Filing No. 38). On November 4, 2020, "[b]ased on the failure of Defendant Vicki New to appear and file any pleading in response to the complaint in this matter within the time accorded by law, and good cause appearing therefore, the Clerk of the Court [entered] default against Defendant Vicki New." (Filing No. 40.) The Clerk's Default was sent to Ms. New at her Roundlake Lane residence in Whitestown as well as her post office box in Zionsville, Indiana. Ms. New filed a letter with the Court on November 12, 2020, which the Clerk docketed as an Answer,

acknowledging receipt of the documents including a "summons in a civil action" and in which pled a statute of limitations defense (Filing No. 42), which the Clerk docketed as an Answer. On November 13, 2020, Ms. New refused to accept the Clerk's Default at her residence, so it was "returned to sender." (Filing No. 43.)

On December 11, 2020, Ms. New filed "An Emergency Request to Set Aside Judgment and Dismiss this Case [and] Award a Protective Order for James & Vicki New." (Filing No. 47.) One month later, on January 11, 2021, she filed a motion to "Cease and Desist All Communications [and] Dismiss this Case." (Filing No. 57.) These two "motions" were denied on January 20, 2021, because Ms. New failed to show good cause for setting aside the Clerk's Default, and dismissal was not warranted (Filing No. 59).

Also on January 20, 2021, the Magistrate Judge held a telephonic status conference with the parties. "Vicki New's behavior was disrespectful and disruptive to the Court and Counsel participating in the conference. While the Court proceeding was ongoing [ ], Ms. New terminated herself from the conference." (Filing No. 61 at 1.)

An Order to Show Cause was issued the following day. The Order noted,

> Ms. New's behavior was disrespectful, rude, and disruptive. During the Court's questioning of Ms. New regarding discovery, Ms. New became belligerent and disrespectful. She appeared to suggest that she was not obligated to follow the rules of discovery because her motion to dismiss was pending. After repeated requests for her not to interrupt, the Court suggested that a show cause order could be issued for Ms. New to which Ms. New responded that the Court lacked the authority to issue a show cause order. While the Court hearing was still going, Ms. New terminated herself from the conference.

(Filing No. 62 at 1–2.) This Order informed Ms. New that sanctions, including default judgment, could be levied against her if she continued to fail to participate in the case, failed to participate in discovery, and continued to act in a disrespectful and disruptive manner. The Order to Show Cause ordered Ms. New to respond by February 12, 2021. *Id.* at 2–3.

On January 27, 2021, rather than responding to the Order to Show Cause, Ms. New filed a notice regarding the telephonic status conference wherein she stated, "[t]o put it blatantly[,] I am appalled[,] ashamed[,] and embarrassed at the actions of these parties who were on the phone," and then she accused Plaintiffs' counsel of lying to the Court (Filing No. 63 at 1). She refused to acknowledge and accept responsibility for her disrespectful and disruptive behavior. She explained that she would no longer accept any "mailings" because this case is allegedly frivolous. *Id.* at 2. Thereafter, numerous court Orders that were sent to Ms. New were "returned to sender; refused." (*See* Filing No. 66; Filing No. 67; Filing No. 69; Filing No. 73; Filing No. 74; Filing No. 75; Filing No. 77; Filing No. 79.)

After refusing to receive three of the Court's Orders, Ms. New submitted eighty pages of exhibits and asserted, "[t]o our knowledge and belief this court is in contempt for not following Court room rules and procedures." (Filing No. 71 at 1.) Thereafter, Ms. New refused to receive five more Court Orders, and she failed to respond to the Order to Show Cause.

In the Order to Show Cause, the Court informed Ms. New,

> "District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (internal citations omitted)). Refusal to participate in discovery and disrespectful, rude, and disruptive behavior cannot be tolerated.

(Filing No. 62 at 2.)

The Court also warned Ms. New that "[c]ourts traditionally have broad authority through means other than contempt—such as by . . . entering default judgment—to penalize a party's failure to comply with the rules of conduct governing the litigation process." *Int'l Union v. Bagwell*, 512 U.S. 821, 833 (1994). The Court further warned Ms. New that, "pursuant to this power, a court

4

may impose the severe sanction of dismissal with prejudice (or its equivalent, judgment) if the circumstances so warrant." *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993).

In explaining why Default Judgment was being entered against Ms. New, the Court noted that she had failed to show cause, and the docket and filings plainly reflected Ms. New's brazen refusal to participate in the case, fulfill her discovery obligations, submit responsive filings, respond to the Order to Show Cause, and conduct herself in a respectful and cooperative manner (Filing No. 82 at 4–5). Thus, the Court entered Default Judgment against Ms. New on April 5, 2021, and noted that the amount of damages to be assessed against Ms. New would be determined at a later date. *Id.* at 5.

Thereafter, the litigation continued between the Plaintiffs and Defendants HOA and Kirkpatrick. The claims against Defendants HOA and Kirkpatrick eventually were resolved through a settlement agreement and consent decree (Filing No. 143; Filing No. 144).

On May 27, 2022, the Plaintiffs filed their motion to award damages against Ms. New as a defaulted defendant (Filing No. 152). The Plaintiffs served the motion and supporting papers on Ms. New at her Roundlake Lane residence in Whitestown (Filing No. 157; Filing No. 161-1). Ms. New refused to accept these papers and returned them to the sender (Filing No. 174 at 2; Filing No. 174-1). On June 16, 2022, the Court entered an Order awarding damages against Ms. New and closing this action (Filing No. 162). Thereafter, beginning in September 2022, Ms. New filed the three duplicative motions for reconsideration which are before the Court.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) states, "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b) provides,

5

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *United States v. One 1979 Rolls-Royce Corniche Convertible*, 770 F.2d 713, 716 (7th Cir. 1985). A party requesting relief from a final judgment is required to make a strong showing under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Connecticut Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990). Rule 60(b) "establishes a high hurdle for parties seeking to avoid [final] judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a [final] judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used where the Court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169,

174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore,

> Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled to assume that, if [a party] had viable arguments to support its claim, it would have presented them. The Court will not conduct [a party's] research and build [the party's] analysis in order to find facts and law to support [the party's] own claims.

*Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009). A motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Id*.

### III.    DISCUSSION

In her Motions for Reconsideration, Ms. New alleges that the "accusations" against her in this lawsuit "just simply are not true." (Filing No. 166 at 1.) She argues that she and her husband "have both been victimized" and have "never had the chance or opportunity to address this or defend ourselves."[1] *Id.* "[W]e also believe our side of the story has not been heard." *Id.* She argues that "[w]e have been accused of not informing the court of a change of address," and the "court has confirmed our current address," and the Whitestown, Indiana post office has many problems with delivering mail. *Id.* Ms. New goes on to explain "her side of the story" that neighbors in her old neighborhood were dealing drugs, that she had problems with reporting to the police, and that

---

[1] Ms. New's husband has never been a party to this action.

she has received hate mail and hostile treatment. *Id.* at 1–2.  Ms. New concludes by asking the Court to "reconsider this judgment and the lack of evidence or testimony and service. That this is a fraudulent case and James and Vicki New have not been served or had any chance to defend ourselves or had our side of the story heard." *Id.* at 2.

The first two pages of Ms. New's duplicative Motion to "Reconsider the Judgment" (Filing No. 172) provides identical pages from her first Motion (*see* Filing No. 166) and then provides an attachment with additional narrative of Ms. New's side of the story. Ms. New's reply filing also gives the Court additional narrative of Ms. New's side of the story (Filing No. 175).

In her third Motion asking the Court to set aside the default judgment and award of damages, Ms. New alleges that she is being harassed by an attorney and a private process server who have been trying to serve papers on her in a state court supplemental proceeding regarding the collection of a judgment.  She argues that the Default Judgment was entered without a hearing, so it should be set aside (Filing No. 176).

The Plaintiffs responded to all three motions and contend that

> Vicki New's conduct during the litigation has followed a pattern: first, avoid or ignore personal service and mail correspondence; second, feign ignorance, lack of notice, and innocence when repercussions follow. Ms. New's latest motion is another example of the same pattern of conduct. Vicki New repeatedly harassed, taunted, and assaulted her neighbors in the Twin Creeks neighborhood based on their race and national origin, in violation of the Fair Housing Act, the Civil Rights Act of 1866, and related state laws.

(Dkt. 173 at 2.)  The Plaintiffs argue that Ms. New has not established any basis on which default Judgment should be set aside.

The Court agrees with Plaintiffs that Ms. New has failed to present any basis that would warrant relief under Rule 60(b).  Relief from a judgment under Rule 60(b) is an extraordinary remedy reserved for only exceptional circumstances because of the strong presumption against the

reopening of final decisions. Rule 60(b) establishes a high hurdle, and Ms. New has not come close.

The Court will not repeat the factual and procedural background already discussed above in the "Background" section. However, the Court does repeat that Ms. New was personally served with the Summons and Complaint on September 13, 2020. A process server had success effectuating personal service on Ms. New at her personal residence at 3372 Roundlake Lane, Whitestown, Indiana. Thereafter, Ms. New acknowledged receipt of the Complaint on several occasions in the record and to the Plaintiffs. She filed documents in this action in this Court, and she participated in at least one status conference. She did not, however, file any responsive pleading before the deadline. Plaintiffs' counsel sent her letters and emails warning of default, but Ms. New still did not respond. Whenever this lawsuit did not suit her, Ms. New refused to accept mailings, ignored the Court's Orders and proceedings, and refused to participate in the action. There is no basis in truth to Ms. New's claim that she was not served and did not have a chance to defend herself or tell her side of the story. She was served, and she chose to ignore the lawsuit and forego her opportunity to defend herself and tell her side of the story.

Ms. New's allegation—that she is being harassed by an attorney and a private process server who have been trying to serve papers on her in a state court supplemental proceeding regarding the collection of a judgment—is entirely irrelevant to her Rule 60(b) Motions in this federal lawsuit. The allegation does nothing to invalidate or undermine the Default Judgment and award of damages.

Regarding Ms. New's complaint that no hearing was held before the issuance of the Default Judgment and award of damages, the Court reiterates that Ms. New was properly served, she failed to timely answer the Complaint, and she refused to respond to the Order to Show Cause. The

Clerk's Entry of Default was proper, and the entry of Default Judgment was proper. When Ms. New was served with the motion for award of damages on the Default Judgment, she refused to accept the mailing and had it sent back to the sender. "Where a party willfully disregards the procedures of the court, [the Seventh Circuit has] held that the district court is justified in entering default against that party." *A. Bauer Mech., Inc. v. Joint Arbitration Bd.*, 562 F.3d 784, 791 (7th Cir. 2009). Furthermore, the Seventh Circuit has explained,

> Due process does not, of course, require that the defendant in every civil case actually have a hearing on the merits. Indeed, in most cases where default is entered there is by definition no hearing on the merits. Rather, due process is satisfied when the defendant is given notice and an opportunity to respond.

*Davis v. Hutchins*, 321 F.3d 641, 645–46 (7th Cir. 2003) (internal citations and quotation marks omitted). Ms. New was given notice and an opportunity to respond, and she chose to ignore the litigation rather than respond. Ms. New has provided no reason that would justify relief under Rule 60(b), and, therefore, her three Motions for Reconsideration must be **denied**.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Vicki New's three duplicative Motions for Reconsideration ([Filing No. 166](); [Filing No. 172](); [Filing No. 176]()) are **DENIED**. A Rule 58 Final Judgment will issue under separate order.

**SO ORDERED.**

Date: 4/21/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Liza Cristol Deman
BRANCART & BRANCART
lcristoldeman@brancart.com

Jeffrey A. Macey
MACEY SWANSON LLP
jmacey@maceylaw.com

Vicki New
3372 Roundlake Lane
Whitestown, Indiana  46075