

# EPSTEIN BECKER GREEN

## NEWS & PUBLICATIONS

# *Act Now* Advisory: DOJ Serves Notice: Celiac Disease and Severe Allergies Now Classified as Disabilities Under the ADA – Far-Reaching Implications for Virtually Every Facility Serving Food

**Associated People**



Frank C. Morris, Jr.

January 24, 2013

A recent settlement agreement between the United States Department of Justice ("DOJ") and Lesley University in Cambridge, Massachusetts explicitly extends the protections of the Americans with Disabilities Act ("ADA") to individuals with severe allergies and autoimmune conditions such as celiac disease. The position of the DOJ Civil Rights Division reflected in this precedential settlement agreement shows that every entity serving food to the public, leasing to those who serve food and even employers with cafeterias must consider how ADA requirements may affect what food is offered, how it is prepared and even how it is stored.

**Associated Practices**

ADA and Public Accommodations

### Title III of the ADA

Title III of the ADA prohibits public accommodations (defined in the statute to include, among others, healthcare providers, hotels and establishments serving food, movies, theaters or other entertainment venues, public displays or collections, retail and service establishments and educational institutions) from discriminating against disabled individuals by impeding their access to full and equal enjoyment of the goods, services or programs offered by the establishment, and requires them to make reasonable accommodations to their policies, practices and procedures as necessary to provide full and equal access. For many years, ADA accommodation in educational institutions has focused on the needs of students with learning disabilities or for physical access. The DOJ's broadly-worded settlement agreement with Lesley University creates a new set of accommodation issues for schools and, more importantly, for most facilities of any kind serving food.

### The Expansive DOJ Settlement

The DOJ initiated an investigation of Lesley University after students complained that



the school's mandatory meal plan did not provide sufficient gluten-free food alternatives, and the school did not accommodate the needs of those with gluten-free diets by excusing their participation in the meal plan or providing a reasonable alternative to it. The DOJ reasoned that these students could not fully and equally enjoy the school's dining services, and by extension, the social benefits of eating with other students and faculty in the dining halls.

The key components of the sweeping and costly three-year settlement agreement require Lesley University to:

> Provide "nutritionally comparable" hot and cold gluten and allergen-free meals to students with celiac disease and food allergies;

> Take reasonable steps to avoid cross-contamination of the allergen-free food, including preparing such meals in a dedicated space at one of the dining halls;

> Permit students with celiac disease or allergies to pre-order meals made without gluten or specific allergens by emailing the University's Food Services Manager 24 hours in advance;

> Serve the pre-ordered meals at the central dining hall in which they are prepared, or deliver them (with 24 hours notice) to students at other dining halls or campus food eateries;

> Provide students with food allergies a separate area to store and prepare food: a room adjacent to the dining hall to which access is limited to those with food allergies, containing a sink and counter area, kitchen supplies, refrigerator and freezer, cabinet space, separate appliances such as a microwave and toaster, and a food warmer to keep pre-ordered meals warm;

> Permit students to submit to the university's food service provider individualized "shopping lists" of requested food made without allergens;

> Exempt students from the mandatory meal plan as a possible form of reasonable modification;

> Train food service managers and staff to comply with the settlement agreement and provide educational training on celiac disease and food allergies;

> Keep records of all students who request accommodations for food allergies; and

> Pay $50,000 to the complaining students.

The celiac disease advocacy community has hailed and widely publicized this settlement. According to the National Foundation for Celiac Awareness, 1 in 133 Americans suffers from celiac disease, but many of these cases are undiagnosed. Celiac disease in fact is not an allergy, but an autoimmune disorder in which consumption of the protein gluten (found in wheat, barley and rye) causes permanent damage to the surface of the small intestines. This in turn interferes with the absorption of nutrients into the body, potentially leading to vitamin deficiencies that deprive the brain, bones, nervous system and liver of vital nourishment. DOJ therefore takes the position that celiac disease and severe allergic reactions (which may result in difficulty swallowing and breathing, asthma and anaphylaxis) affect the

major life activity of eating and the major bodily functions of the immune, digestive, bowel, respiratory and neurological systems, thereby triggering ADA coverage.

**Potentially Far-Reaching Scope**

A significant aspect of the Lesley University DOJ settlement agreement is the identification of *all* severe food allergies — not just an autoimmune disease like celiac disease — as disabilities which trigger reasonable accommodation requirements. Allergies to nuts, shellfish, dairy products and soy have become far more prevalent in recent years, for unknown reasons. Accommodation of each type of allergy to the extent set forth in this consent decree may be extraordinarily difficult to achieve in a community dining environment.

This DOJ precedent thus has far-reaching implications not only for educational institutions, but for the hospitality industry, health care institutions that serve food, employers with food service for employees, grocery stores with food and salad bars, health clubs, movie theaters and other entertainment venues at which food is served, department stores and museums with restaurants, and even the small, take-out lunch businesses which abound in major metropolitan areas. Indeed, owners and operators of commercial buildings who contract with or lease to food service providers may also face liability if they do not take steps to ensure the contractors or lessees make their services equally available to individuals with food allergies.

Even leaving aside the cost of providing gluten-free or allergen-free food alternatives, many entities may find problematic the physical space needed to separately store and prepare such foods to avoid cross-contamination, or the resources to train staff. The Lesley University settlement, however, strongly suggests that entities serving food no longer may seek to be ADA-compliant simply by posting signs which notify the public of the absence of allergen-free options or the possibility of cross contamination.

Of course the ADA creates an exception when compliance with the ADA by non-governmental facilities would not be "readily achievable" or would "fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations." These limitations — particularly as they relate to issues of cost -- may protect smaller establishments, or those for which provision of food is truly incidental (e.g., quick-serve, limited menu take-out lunch businesses; coffee and croissant stands at motels). However, it will be challenging for any business or entity serving food to persuade DOJ or the courts that accommodating individuals with food allergies would fundamentally alter the nature of their services, or would be prohibitively expensive and not readily achievable.

**What Affected Businesses Should Do Now**

> Any business or entity that offers food to the public should evaluate the feasibility of providing gluten-free and allergen-free food options, and the feasibility of storing and preparing such food in a separate physical space to avoid cross-contamination;

> Such businesses should educate staff about food allergies and celiac disease, and train staff to handle requests for gluten-free alternatives and questions about

- food ingredients, perhaps availing themselves of training programs offered by hospitality industry trade associations;

- Reevaluate the wording and efficacy of posted warnings for customers regarding the use of nuts, shellfish and other allergens in the establishment, including the information available on websites, and consider adding to the website a request that customers with food allergies notify the establishment in advance so accommodations may be made;

- Keep abreast of regulatory changes that may define or re-define standards for labeling foods "gluten-free;"

- Review contracts and leases with food service providers to ensure compliance to the maximum extent feasible with disability accommodations such as the ones enumerated in the Lesley University settlement agreement, or consult legal counsel with regard to such contracts and leases and appropriate provisions allocating responsibility for ADA compliance.

*****

If you have any questions about this Advisory or other questions as to the ADA obligations of a public accommodation or other requirements of the ADA and similar state laws, please contact:

**Frank C. Morris, Jr.**
Washington, DC
202/861-1880
fmorris@ebglaw.com

*For more insights on labor and employment,
read the* **Epstein Becker Green Blogs**.

Resources

- 54616_Act-Now-DOJ-Serves-Notice-Celiac-Disease-and-Severe-Allergies-Now-Classified-as-Disabilities-Under-ADA.pdf

©2019 Epstein Becker & Green, P.C. All rights reserved. Attorney Advertising.



**U.S. Department of Justice**

United States Attorney
Southern District of Indiana

10 West Market Street
Suite 2100
Indianapolis, IN 46204-3048

(317) 226-6333
TDD (317) 226-5438

FAX NUMBERS:
Criminal (317) 226-6125
Administration (317) 226-5176
Civil (317) 226-5027
FLU (317) 226-6133
OCDETF (317) 226-5953

July 29, 2019

Special Litigation Section
Civil Rights Division
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Re:   Civil Rights Complaint

Dear Sir or Madam:

We have recently received the enclosed Civil Rights Complaint in our office. Upon review, it would appear that this complaint may fall within your section. Accordingly, we are providing this complaint to your office for review.

Sincerely,

JOSH J. MINKLER
United States Attorney

By:   Civil Rights Task Force
United States Attorney's Office

Copy:
James & Vicki New
P.O. Box 821
Zionsville, IN 46077

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR CRIMINAL COURT 8 |
| | ) SS: | |
| COUNTY OF MARION | ) | |

FILED
August 8, 2019
*Myla A. Eldridge*
CLERK OF THE COURT
MARION COUNTY
JS

STATE OF INDIANA )
)
v. )
)
VICKI NEW )

CAUSE NO. 49G08-1808-CM-029208

## ORDER ON MOTION TO DISMISS

The Court having examined State's Motion to Dismiss said Motion and being duly advised, now grants said motion.

August 8, 2019
Date

_____
Judge
Marion Superior Criminal Court 8

Case 1:20-cv-01176-TWP-DLP   Document 3   Filed 04/17/20   Page 1 of 2 PageID #: 30

## United States District Court
for the
Southern District of Indiana

FAIR HOUSING CENTER OF CENTRAL )
INDIANA, INC.; and DONATA BANKS, )
)
                *Plaintiffs*, )
)
vs. )   Cause No: 1:20-cv-1176-TWP-DLP
)
VICKI NEW; KIRKPATRICK MANAGEMENT )
COMPANY, INC.; and TWIN CREEKS )
HOMEOWNERS ASSOCIATION, INC., )
)
                *Defendants*. )

### SUMMONS IN A CIVIL ACTION

TO: (*Defendants' names and addresses*)

    Vicki New
    3372 Roundlake Lane
    Whitestown, IN 46075

    Kirkpatrick Management Company, Inc.
    5702 Kirkpatrick Way
    Indianapolis, IN 46220

    Twin Creeks Homeowners Association, Inc.
    5702 Kirkpatrick Way
    Indianapolis, IN 46220

    A lawsuit has been filed against you. Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Liza Cristol-Deman, Brancart & Brancart, P.O. Box 686, Pescadero, CA 94060; (650) 879-0141

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: 4/17/2020

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

Civil Summons (Page 2)

Civil Action Number: _____

**PROOF OF SERVICE**
*(this section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____; or

☐ I returned the summons unexecuted because _____; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____    _____
                               *Server's Signature*

                               _____
                               *Printed name and title*

                               _____
                               *Server's address*

Additional information regarding attempted service, etc.